PAULINE E. CROSBY, Respondent, *v.* WILLIAM H. CROSBY, Appellant.*

Third Department, November 19, 1930.

* See, also, *Lo Galbo* v. *Lo Galbo* (138 Misc. 485).

*Del B. Salmon* [*Jasper S. Levine* of counsel], for the appellant.

*Schaffer & Sevits* [*Jeremiah Hinden* of counsel], for the respondent.

HILL, J. Plaintiff, the mother of the minor defendant, seeks to recover for personal injuries received while riding with him in his automobile, which she alleges were caused by his negligence. The complaint makes no mention of the relationship of the parties. A motion was made to dismiss the complaint under rule 107 of the Rules of Civil Practice, the ground therefor being defendant's infancy, a defect which did not appear on the face of the complaint. Plaintiff's affidavit in opposition states facts from which it might be found that defendant was emancipated; that he earned from twenty-five to twenty-eight dollars per week, paid his own living expenses, used the surplus of his wages as he saw fit, had a deposit in a bank in his own name, and purchased the automobile in which they were riding at the time of the accident. A minor child may be emancipated by the parent's consent, express or implied. (*Stanley* v. *National Union Bank*, 115 N. Y. 122; *Delaware, L. & W. R. Co.* v. *Petrowsky*, 250 Fed. 554, 559; *Lind* v. *Sullestadt*, 21 Hun, 364; *Shute* v. *Dorr*, 5 Wend. 204.) It has been decided that a minor who, with the consent and approval of his parents, " was receiving his own wages and paying his own way " was emancipated. (*Giovagnioli* v. *Fort Orange Construction Co.*, 148 App. Div. 489.)

"An action for personal injuries resulting from negligence may not be maintained against a parent by an unemancipated minor child." (*Sorrentino* v. *Sorrentino*, 248 N. Y. 626.) This decision is not an authority as to an emancipated child. Among the reasons assigned by the courts for denying an unemancipated child the right to recover for a personal injury inflicted by the parent is the danger of disrupting the tranquillity of the family, the interference with parental discipline and control, and the old Roman doctrine that the family in its entirety was a unit. (Harvard Law Review, May, 1930, p. 1030.) Judge POUND's dissenting opinion in *Allen*

v. *Allen* (246 N. Y. 571), written prior to the *Sorrentino* case (at p. 580), says: " Public policy is said to favor this rule of statutory construction as safeguarding the home. ' It is better to draw the curtain, shut out the public gaze, and leave the parties to forget and forgive.' (SETTLE, J., in *State* v. *Oliver,* 70 N. C. 60.) This doctrine has been invoked to defeat an action by an unemancipated minor child against his parent for personal injuries. (20 R. C. L. 631.) That question, however, is an open one in New York, nor has the common law been affected by any statute on the subject." In *Hewlett* v. *Ragsdale* (68 Miss. 703) it was decided that an unemancipated child could not recover from a parent for an injury, but the opinion states: "If, by her marriage, the relation of parent and child had been finally dissolved, in so far as that relationship imposed the duty upon the parent to protect and care for and control, and the child to aid and comfort and obey, then it may be the child could successfully maintain an action against the parent for personal injuries." In *Taubert* v. *Taubert* (103 Minn. 247) recovery by a minor against a parent was sustained. Facts touching emancipation were proven on the trial, and that question was submitted to the jury with the instruction that if emancipation was not found, a recovery could not be had. An emancipated minor can recover from the father on a contract. (*Stanley* v. *National Union Bank, supra.*) The courts have recognized that the reasons given for denying the right of action between a parent and an unemancipated child did not exist after majority or emancipation. The motion for the dismissal of the complaint was properly denied.

Defendant also appeals from an order striking the following defense from his answer: " The defendant for a separate and further answer and defense herein alleges that he is an infant, having been 19 years of age on February 5th, 1930, and that he is unmarried. That he was residing with the plaintiff who is his mother, and with his father, at the time of the accident and that he pays room rent and board to the plaintiff, and did at the time of said accident.

" That by reason of the defendant's infancy and the facts herein set forth, no cause of action exists in favor of the plaintiff against this defendant."

The first quoted paragraph, if not surplusage, is an allegation of facts which tends to show emancipation and this is an admission, but the last paragraph is a proper defense. The issue of emancipation may be litigated upon the trial for " whether there has been an emancipation is a question of fact but what is emancipation is a question of law." (*Iroquois Iron Co.* v. *International Com.,* 294 Ill. 106, 109.)

The order striking the defense from the answer should be modified and reversed, in so far as it strikes out the allegation that defendant is an infant and that no liability exists because thereof.

Van Kirk, P. J., Davis, Whitmyer and Hasbrouck, JJ., concur.

Order denying defendant's motion to dismiss complaint affirmed. Order striking defense from the answer modified in so far as it strikes out the allegation that defendant is an infant and that no liability exists because thereof, and as so modified affirmed, with ten dollars costs and disbursements to the defendant.