HARVEY P. CANNON, JR., an Infant, by SALVADOR J. CAPECELATRO, His Guardian ad Litem, Appellant, *v.* HARVEY P. CANNON, Individually and as Administrator of the Estate of GRACE B. CANNON, Deceased, Respondent.

Argued January 6, 1942; decided March 5, 1942.

*Salvador J. Capecelatro* for appellant. An unemancipated child may bring suit against his parents for the recovery of damages for injuries sustained by him through their negligence. (*LoGalbo* v. *LoGalbo*, 138 Misc. Rep. 485; *Rozell* v. *Rozell*, 281 N. Y. 106; *Young* v. *Rankin*, Sessions Cases, 499–520; *Fidelity & Casualty Co.* v. *Marchand*, 4 Dominion Law Reports, p. 165; *Lusk* v. *Lusk*, 166 S. E. Rep. 538; *Matter of Losee*, 46 Misc. Rep. 363; 119 App. Div. 107; *Roughan* v. *Chenango Valley Sav. Bank*, 158 App. Div. 786.) An unemancipated minor can maintain suit against the estate of a deceased parent for the recovery of damages for personal injuries sustained by the minor on account of the negligence of such parent, also resulting in the latter's death. (*Lasecki* v. *Kabara*, 235 Wis. 645; *Wick* v. *Wick*, 192 Wis. 260; *Lavender* v. *Lavender*, 261 N. Y. 574.)

*Abram G. Senior* and *Morgan F. Bisselle* for respondent. An unemancipated minor child may not maintain an action in negligence against his parent for unintended personal injuries. (*Sorrentino* v. *Sorrentino*, 248 N. Y. 626; *Carter* v. *Carter*, 235 App. Div. 654; *Ciani* v. *Ciani*, 127 Misc. Rep. 304; *Owens* v. *Auto Mut. Ind. Co.*, 235 Ala. 9; *Rambo* v. *Rambo*, 195 Ark. 832; *Trudell* v. *Leatherby*, 212 Cal. 678; *Mesite* v. *Kirchenstein*, 109 Conn. 77; *Matarese* v. *Matarese*, 47 R. I. 131; *Kelly* v. *Kelly*, 158 S. C. 517; *McKelvey* v. *McKelvey*, 111 Tenn. 388; *Norfolk Southern R. Co.* v. *Gretakis*, 162 Va. 597; *Roller* v. *Roller*, 37 Wash. 242.) An unemancipated minor child may not maintain an action in negligence against his deceased parent's estate for unintended injuries. (*Ciani* v. *Ciani*, 127 Misc. Rep. 304; *Matarese* v. *Matarese*, 47 R. I. 131; *Lasecki* v. *Kabara*, 235 Wis. 645.)

*Francis J. MacIntyre* for American Mutual Alliance, *amicus curiæ*. An unemancipated minor may not maintain an action against its parents for personal injuries due to the tortious act of the latter. (*Ciani* v. *Ciani*, 127 Misc. Rep. 304; *Sorrentino* v. *Sorrentino*, 248 N. Y. 626; *Lento* v. *Hajik*, 16 N. Y. Supp. [2d] 776; *Carter* v. *Carter*, 235 App. Div. 654; *Rozell* v. *Rozell*, 281 N. Y. 106; *Owens* v. *Auto*

*Mut. Ind. Co.*, 235 Ala. 9; *Rambo* v. *Rambo*, 195 Ark. 832; *Trudell* v. *Leatherby*, 212 Cal. 678; *Yost* v. *Yost*, 172 Md. 128; *Hewlett* v. *George*, 68 Misc. Rep. 703; *Reingold* v. *Reingold*, 115 N. J. L. 532; *Mertz* v. *Mertz*, 271 N. Y. 466.)

LEWIS, J.   May an unemancipated minor child maintain an action against his parents for personal injuries alleged to have been caused by their negligence?

That question was considered in *Sorrentino* v. *Sorrentino* (248 N. Y. 626), when the court denied the existence of such a right of action.   The question is again presented by the defendant's challenge to the sufficiency of a complaint now before us wherein the plaintiff, an unemancipated minor, demands from his father and the estate of his deceased mother damages for personal injuries which are said to have been sustained through the mother's fault.   It is alleged that while the infant plaintiff was a passenger in an automobile owned by his father and driven by his mother with his father's consent, he sustained personal injuries due to his mother's negligence.   There are also allegations that the death of the plaintiff's mother, which occurred three days after the plaintiff was injured, was due to injuries suffered by her in the accident which befell them both.

The appellant recognizes the rule of the *Sorrentino* case (*supra*).   He suggests, however, that our more recent ruling in *Rozell* v. *Rozell* (281 N. Y. 106, 108) — where a recovery for tortious injuries suffered by an unemancipated minor was upheld against his unemancipated sister — may have foreshadowed such a change in the policy of the court as will validate the complaint now before us.

In the *Rozell* case (*supra*) it was said (RIPPEY, J., p. 109): " Persons who are not members of the family when injured through the tortious negligence of minors may recover damages against them by way of compensation for injuries sustained.   *   *   *   No   logical   reason   nor   reported authority exists to indicate that the rule of liability should be changed when brothers and sisters are involved."

In the case now before us, unlike the problem in the *Rozell* case, we deal with that natural kinship between parent and

child which involves legal duties peculiar to that relationship, and as to which both reason and authority dictate our adherence to the rule of the *Sorrentino* case (*supra*).

The law requires of parents that they provide care, maintenance and guidance for their unemancipated minor child. To that end they are entitled to his custody. Such duties and rights may be enforced by legal process. Thus has the law recognized in the family something more than a social unit, something more practical than a spiritual concept. It has sanctioned the family relationship — particularly the relationship of parent and child — as the basis for regulating those reciprocal obligations between parent and child which may be the subject of legal enforcement.

In the process of rearing a child and the fulfillment of the legal duties of care, maintenance and guidance, the conduct of the parents toward the child is of necessity affected by the parental relation. We know that family unity is not created by law. But, as we have seen, the law does not fail to recognize family unity as a factor in human conduct and relationship. As to the child — what he may expect from his parents and what he owes to them as a matter of filial duty differ widely from his rights and duties in his relations to those not *in loco parentis*. As to the parents — the law which imposes upon them the duty to support and discipline a minor child, and to prescribe a course of conduct designed to promote his health, education and recreation, accords to the parents a wide discretion. In the exercise of that discretion and the performance of duties imposed by law through no choice by the parents, they are held to no higher standard of care than the measure of their own physical, mental and financial abilities to provide for the well-being of their child. Lack of means, physical weakness or mental incapacity may cause parents to tolerate conditions in the family home which are unsafe and which might afford a basis for liability to one coming to the premises as an invitee or licensee. Not yet, however, have our courts granted an unemancipated child — whom the law decrees to be a member of that household — the

right to hold his parents in damages for unintended personal injuries resulting from such conditions. Indeed, if within the wide scope of daily experiences common to the upbringing of a child a parent may be subjected to a suit for damages for each failure to exercise care commensurate with the risk — for each injury caused by inattention, unwise choice or even selfishness — a new and heavy burden will be added to parenthood.

Take for example the instant case: we may assume that the infant plaintiff's presence in his father's automobile, then driven by his mother, was not unrelated to the fact that he was the child of the owner and driver of the car; nor was his presence unrelated to the natural and legal duty of his parents to furnish him with care and with opportunities for recreation. True, he was a passenger but he was there, not as an invitee but as a member of the family, entitled to his parents' care. As in the constant succession of daily experiences which were shared in their family life the child's position as a passenger in the automobile was inextricably related to his position as a member of that family, so the parents' duties, as the owner of the car and as the operator, were inextricably related to their natural and legal duties toward their unemancipated child.

In the absence of statutory sanction, we are not prepared, in cases where wilful misconduct by the parent is not a factor, to inject the disruptive risk of tort liability between parents and their unemancipated children, in which relationship both parents and children — by nature and by law — have reciprocal duties to perform which still make for family unity.

There remains for consideration the appellant's claim that, as to his deceased mother, he is an emancipated minor, and that accordingly there is no legal restriction against a suit in his behalf against her estate. The question whether the infant plaintiff had a cause of action against his parents must be determined as of April 16, 1939, on which date, it is alleged, he suffered the injuries for which he seeks recovery. It was on that date that his cause of action, if any, arose.

(*Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287, 300; *Reingold* v. *Reingold*, 115 N. J. L. 532.) However, on that date, according to the complaint herein, both his father and his mother were living — his mother's death having occurred on April 19, 1939. It follows that on the date when the infant plaintiff's alleged cause of action arose he was unemancipated. We have already indicated our conclusion to be that an unemancipated minor child has no right of action against his parents for non-wilful injuries caused by their acts which, if done by others, might constitute a breach of legal duty. It follows that the death of the infant plaintiff's mother subsequent to the date of his injuries will not serve to validate a cause of action in his behalf against her estate. (Cf. *Lasecki* v. *Kalara*, 235 Wis. 645.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.