OTIS TERWILLIGER, as Administrator of the Estate of ALIDA TERWILLIGER, Deceased, Plaintiff, *v.* FRANK V. TERWILLIGER, Defendant.

Supreme Court, Special Term, Ulster County, April 25, 1951.

454

*Cook & Cook* for defendant.

*Napoletano, Kelly & Saccoman* for plaintiff.

MacAffer, J. The defendant moves to dismiss the complaint under subdivision 9 of rule 107 of the Rules of Civil Practice. The ground there set forth is '' that the cause of action did not accrue against the defendant because of his infancy or other disability.''

Plaintiff at the outset resists the motion as not being timely brought within the twenty days provided by the rule. The defendant counters with the contention that his attorney asked for and obtained from plaintiff's attorney extensions of time. Plaintiff's attorney insists that such extensions were extensions of time to answer only and were not extensions of time to move against the complaint. The communications between the attorneys on this score apparently were made orally and loosely phrased. Plaintiff's attorney, however, on the argument of the motion stated that he had no desire to avoid any stipulation because it was oral. Also on the argument of the motion, plaintiff's attorney conceded that no specific limitation was imposed on the extensions of time. In this judicial district it is the court's understanding of the practice that unless specifically

limited an extension of time to answer includes an extension of time to move against the complaint. The court, therefore, would be inclined to hold that defendant's time to make this motion had been extended. However, it is unnecessary to determine the issue on that ground alone as the court has the power to enlarge defendant's time to make this motion. (Civ. Prac. Act, § 98; *Fiorello* v. *New York Prot. Episcopal City Mission Soc.,* 217 App. Div. 510; *Lloyd* v. *Hogan & Sons, Inc.,* 128 Misc. 665; *Hartmann* v. *American Mercury,* 57 N. Y. S. 2d 791.) Accordingly, in view of the indefiniteness of the stipulation between the attorneys this court excuses defendant's failure to sooner make this motion and the court will consider the motion on the merits.

The complaint herein alleges that on the 21st day of July, 1949, the plaintiff's intestate, while a passenger in the automobile operated by the defendant and as a result of the accident in which the automobile was involved, received personal injuries from which she later died. The moving papers disclose that the plaintiff's intestate was the mother of the defendant. The defendant on this motion proffers his affidavit setting forth certain facts from which he asks the court to conclude that he was an unemancipated infant at the time of the accident and not therefore subject to liability for any negligence which may have caused injury to and the death of his mother. (*Boehm* v. *Gridley & Sons,* 187 Misc. 113.)

The plaintiff presents no affidavit denying the matters set forth in the defendant's affidavit. The allegations of defendant's affidavit, therefore, must be accepted by the court on this motion as correctly setting forth the factual situation. The plaintiff relies on the contention that the defendant's affidavit cannot be considered on this motion as it purports to relate to personal transactions of the defendant with the deceased parents of the defendant, and to give consideration to such allegations would be violative of the provisions of section 347 of the Civil Practice Act.

The prohibition of section 347 of the Civil Practice Act precluding testimony of the party interested in the event with respect to personal transactions with a decedent apparently relates only to testimony given on a trial. The statute specifically so provides. Such a prohibition does not appear to extend to preliminary proceedings prior to a trial. (*Matter of Van Volkenburgh,* 254 N. Y. 139, 143–144; *Lemlich* v. *Lemlich,* 266 App. Div. 748; *Matter of Caldwell,* 186 Misc. 60, 62; *Matter of Tow,* 93 N. Y. S. 2d 899, 900.)

The question presented by plaintiff's contention appears to be without precedent so far as research of the adjudicated cases discloses. Clearly, if such allegations are of evidence not violative of the statute, no problem is presented. Similarly, if such allegations are of testimony prohibited by the statute, a novel problem must be settled. The averments of the defendant's affidavit do not easily and clearly fall completely into either category. Some are purely statements of fact within the knowledge of the affiant such as his age of sixteen years; that he had a paper route up to two years before the accident; that he left school and went to work for a partnership of his father and his cousin in the egg business; that he wasn't paid a salary for such work; that he had no other employment and that he lived at home. Other allegations, such as the boy's turning over the money from his paper route and from his work for the partnership to his parents; that his father bought all his clothes and gave him whatever spending money he had and that his father and mother supported and maintained him and that he did not pay any board, approach, if they do not come within the statutory prohibition.

In the court's opinion sufficient competent evidence is set forth in defendant's affidavit to establish his contention that at the time of the accident he was an unemancipated infant. The realities of the situation lend considerable force to such a conclusion. A sixteen-year-old boy, recently out of school, with no permanent employment at specific wages, living at home with both parents and a younger brother, paying no stipulated board, cannot be said to have reached that stage of maturity and independence necessary for emancipation. Parental responsibility for support, maintenance and care of the defendant and reciprocal filial compliance to parental control implicit in the family unit, such as shown here, must necessarily be extant in the situation thus presented (*Cannon* v. *Cannon*, 287 N. Y. 425, 428). The significance of the word " emancipation " itself implies a freedom from restraint and a liberation from parental control, which is lacking in the facts before the court.

Positive evidence that the defendant had been emancipated by his parents has not been presented to the court by the plaintiff who is asserting it. The absence of such proof is significant. (*Boehm* v. *Gridley & Sons*, 187 Misc. 113, *supra*.)

The court, therefore, determines that the defendant was an unemancipated infant at the time of the accident. Under such

circumstances this action does not lie against him. (*Boehm v. Gridley & Sons, supra.*)

While it is true that in *Boehm v. Gridley & Sons* (*supra*) the suit was by the mother and here the action is by the administrator of the mother's estate, the basic concept of the liability sought to be imposed is the same in each instance; i.e., liability of an unemancipated infant for damages for negligently causing personal injuries to a parent. The difference in the nature of the damages and the ultimate beneficiaries thereof, which are basically the only distinctions between the types of such actions, do not in the court's opinion preclude the application of the rule in this action.

The ground set forth above upon which this conclusion is reached renders it unnecessary to determine the question of whether allegations of certain facts contained in the affidavit which might be incompetent as testimony on the trial under the provisions of section 347 of the Civil Practice Act may be considered on the motion and the court does not determine that question.

The defendant's motion to dismiss the complaint is granted, without costs.

Submit order.