Frank Del Vecchio, J.
This is a derivative action brought by Walter Becker (father) to recover for loss of services and medical expenses incurred as the result of personal injuries received by his unemancipated son, Lawrence Becker, while a passenger in an automobile driven by his brother, the defendant Charles Becker, another unemancipated son of plaintiff, when it collided with an automobile driven by the codefendant Rieck. Defendant Becker moves to dismiss the complaint as to him upon the ground that an action by a father against his unemancipated son is contrary to the public policy of the State of New York.
In a companion action the infant Lawrence, by his father as guardian ad litem, seeks to recover damages for personal *105 injuries from the same defendants. Charles Becker does not challenge the propriety of this second action, and there can be no question — in view of the holding in Rozell v. Rozell (281 N. Y. 106) —of the right of an injured minor to maintain such an action against his unemancipated brother.
With regard to the action by the plaintiff father, there is authority in this State — consistent with the majority rule in the United States — that an unemancipated child may not maintain an action for nonwillful personal injuries against a parent (Cannon v. Cannon, 287 N. Y. 425; Sorrentino v. Sorrentino, 248 N. Y. 626) and our lower courts have held, conversely, that a parent may not maintain such an action against his unemancipated child. (Boehm v. Gridley & Sons, 187 Misc. 113; Terwilliger v. Terwilliger, 201 Misc. 453.) There is no disability however when such actions involve an adult child or an emancipated minor (Crosby v. Crosby, 230 App. Div. 651; Lo Galbo v. Lo Galbo, 138 Misc. 485) or a willful tort. (Henderson v. Henderson, 11 Misc 2d 449.)
The denial of a right of action when an unemancipated infant is concerned has been predicated upon a public policy which recognizes the existence of a unique relationship between a parent and his unemancipated child and which seeks to encourage family unity and the maintenance of parental discipline. (Cannon v. Cannon, supra.) This view has not been adopted by all States, however (Wells v. Wells, 48 S. W. 2d 109 [Mo.]), and our own Court of Appeals has acknowledged the existence of a conflicting principle of common law that for every wrong there shall be a remedy. (Rozell v. Rozell, 281 N. Y. 106,112, supra.) The decisions in various jurisdictions dealing with actions for negligent injuries between parent and child are well summarized in the American Law Reports (60 A. L. R. 2d 1285) and in Prosser on Torts (pp. 670-679).
No authorities have been cited which have decided the precise question posed by this derivative action and counsel for both parties admitted on argument that the problem is a new one in the courts of this State.
In apparent rebuttal of the basis given for the Cannon decision (287 N. Y. 425, supra) plaintiff has presented an affidavit by his wife, the owner of the car operated by the defendant Becker, stating that she has insurance adequate to cover any claim made in this action and that the litigation will not disrupt the family unity. Although it may be that the court would be justified in acknowledging the fact of insurance (see Rozell v. Rozell, supra, p. 113), it prefers to disregard this consideration (Luster v. Luster, 299 Mass. 480) and to place its decision *106 upon the ground that there is no sound reason for prohibiting a derivative action by a parent against an unemancipated child.
There is no question that a minor child is entitled, in an action brought in his behalf, to recover from a negligent wrongdoer for future, prospective and contingent expenses, including medical expenses, which he will sustain as a result of the defendant’s misconduct. (Clarke v. Eighth Ave. R. R. Co., 238 N. Y. 246.) Under this rule, and the case of Rozell v. Rozell (supra) the infant defendant Becker will be responsible to his brother Lawrence for any prospective medical expenses which may be proved in Lawrence’s individual action. It is equally well settled that a parent has a right to recover from a tortfeasor for loss of services and expenses actually and necessarily incurred as a result of personal injuries to his child caused by the negligence of the wrongdoer. (Cuming v. Brooklyn City R. R. Co., 109 N. Y. 95.) It would be unreasonable to hold that the plaintiff father is to be deprived of that right merely because the defendant is his unemancipated son, especially when that defendant will be liable to his brother for future medical expenses. If domestic tranquility is a consideration, certainly little domestic harmony will result if a father, who has been compelled to pay medical expenses because of the negligence of his son, cannot be reimbursed, but his injured child can recover not only damages for personal injuries but future medical expenses as well.
It should also be noted that this action' is to recover for pecuniary loss sustained by a parent as a result of his son’s negligence and is entirely distinct from an action in which a parent seeks to recover damages for personal injuries to himself or one in which the parent is the wrongdoer and the derivative action would be against himself. In this respect the present case is distinguishable from those .cited by the defendant. Plaintiff’s loss, although predicated on negligence, is in the nature of an infringement on a property right, as to which there has never been any question that a parent may maintain an action against an unemancipated child. (See Wells v. Wells, 48 S. W. 2d 109 [Mo.], supra.) In Lamb v. Lamb (146 N. Y. 317) minor children maintained an action by their guardian ad litem against their mother for the use and occupation of certain real estate belonging to the infants.
It seems clear that if the injured Lawrence had been a sister, rather than a brother of the defendant, and the sister’s husband were seeking to recover for medical expenses resulting from defendant Becker’s negligence, defendant could not escape responsibility for this element of damage. As has been indi *107 cated above, defendant will be required to answer to Lawrence for personal injuries and for future medical expenses. This court can perceive no valid reason for denying the plaintiff father the right to maintain this action — which is entirely dependent upon the outcome of the valid companion action — against his minor child for loss of services and medical expenses.
The motion to dismiss the complaint is therefore denied.
Order accordingly.