■ LORRAINE CARINGE, an Infant, by Her Guardian ad Litem, MABEL A. CARINGE, Respondent, v. ABRAHAM RUBIN, Appellant.— Appeal from an order of the Supreme Court at Special Term which granted plaintiff's motion to strike out as insufficient in law the defense that plaintiff is unable to maintain this negligence action because she is the defendant's daughter and an "unemancipated child of six years for whom the defendant provided and with whom the plaintiff has resided in a family unit." The affidavit submitted in opposition to the motion states that plaintiff is the natural child of defendant who supported her from the time of her birth, in a household consisting of these two and the child's mother, with the exception of brief periods when he paid for her care away from her home. During the three months immediately preceding the accident in issue, defendant had sole charge of the child, according to his affidavit, maintaining her in his home after her mother had departed from it; and the child was a passenger in his automobile when the accident occurred. These allegations so far as material stand uncontradicted. It has long been established that to preserve "family unity" against the "disruptive risk of

tort liability between parents and their unemancipated children ", actions in negligence involving no willful misconduct may not be brought by one against the other. (*Cannon* v. *Cannon*, 287 N. Y. 425, 428, 429.) It may well be, as respondent contends, that the rule is not applicable to the father of a child born out of wedlock, merely by reason of the relationship; but it does apply to one standing *in loco parentis*, whether or not any other relationship exists. (*Rutkowski* v. *Wasko*, 286 App. Div. 327; and see *Cannon* v. *Cannon*, *supra*, p. 428.) Although the defense before us does not expressly refer to defendant as one *in loco parentis*, its language seems to us sufficiently broad to tender that issue for determination as a question of fact. Order reversed and motion denied, without costs.