Fbahk Del Vecchio, J.
These are motions by the defendant Lanre, individually and doing business as James Laure Building-Supplies, to dismiss the complaints in the above-entitled actions pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice, upon the ground that they do not allege facts sufficient to constitute a cause of action. One action is by the wife, Thelma Amie, for personal injuries; the second is by her husband, Angelo Amie, for expenses of medical services rendered to his wife and for loss of her services.
At the outset it was conceded by plaintiffs’ counsel on argument of the motions that the only causes of action which are asserted against the moving defendant rest on breach of implied and express warranties; allegations in the pleadings with regard to negligence are directed to the codefendant Huron Portland Cement Corp. alone.
Both complaints allege that the plaintiff Thelma Amie sustained personal injuries as the result of mixing cement manufactured by the defendant Huron and purchased by her husband, the plaintiff Angelo Amie, from the defendant James Laure Building Supplies. It is alleged that, at the time of purchase, certain implied and express warranties were made to the husband by the moving defendant, which warranties were breached.
The principal issue raised is whether, in view of the fact that the purchase of the cement was made by the husband, the plaintiff wife may recover on breach of warranty for personal injuries sustained by her.
The Court of Appeals long ago laid down the requirement that there must be privity of contract between the parties for an action for breach of warranty (Turner v. Edison Stor. Battery Co., 248 N. Y. 73), which it very recently reiterated in Greenberg v. Lorenz (9 N Y 2d 195), stating: “ There can be no warranty, express or implied, without privity of contract ” (p. 198).
Both parties have submitted memorandum of law extensively discussing the Greenberg case and citing it as authority for the position which each is attempting to sustain. It appears to this court however, that to permit the plaintiff wife, Thelma Amie, to maintain the present action against the seller James Laure Building Supplies, on the authority of the case cited, would be an unwarranted extension of that decision which this court is not empowered to make.
In the Greenberg case the Court of Appeals recognized the harshness of the rule which limited actions for breach of warranty arising from the purchase of unwholesome food to the member of the family actually making the purchase and, to *209 extend the right of action to any member injured as a result of the consumption thereof, laid down the rule that “ At least as to food and household goods, the presumption should be that the purchase was made for all the members of the household ” (p. 200). It did not however indicate any intention to vary the privity requirement— so clearly stated — in circumstances other than that there presented. In fact, as Chief Judge Desmond said: “ we should be cautious and take one step at a time.” If, as would be required in the present case, this court should hold that the purchase of a bag of cement by a husband removed the requirement of privity of contract in an action by his wife it would be going far beyond the step just taken by this State’s highest court. Until the Court of Appeals sees fit to change the rule in other than food cases, this court is bound to hold that, in actions like the present one, without privity of contract between the parties there can be no action on an express or implied warranty.
It follows that the motion to dismiss the complaint in the action by Thelma Amie against Helen Laure, individually and doing business as James Laure Building Supplies, should be granted.
A different situation exists with regard to the complaint in the action by Angelo Amie, the purchaser of the cement. True it is that the damages sought by this plaintiff are derivative in the sense that they occurred only as a result of the personal injuries sustained by his wife, who is precluded from recovering from the seller therefor. However, it is also true that the plaintiff Angelo alleges all the necessary elements of an action for breach of implied and express warranties and that the damages sustained by him as a result of the alleged breach were the expenses paid by Mm for treatment of his injured wife and Ms loss of her society and companionship.
In Gimenez v. Great Atlantic & Pacific Tea Co. (264 N. Y. 390) the wife recovered damages for breach of warranty and the court held that the husband could not recover damages sustained by Mm for the ‘ ‘ loss of his wife’s services, loss of society and expense incurred for medical attendance and treatment ” on the ground that there was no contractual relationship between the husband and defendant. In the present case, the situation is reversed; there is a contractual relationship between the husband and defendant but none between the wife and defendant, consequently only the husband has a valid cause of action based on breach of warranty for the damages which he claims resulted directly from a transaction between him and the defendant. In this respect the situation is somewhat different from that wMch *210 exists in negligence litigation where generally the only relationship which exists between the owner of a derivative claim and the defendant wrongdoer is a remote one arising from the intervening position of the injured wife or child. This court sees no reason why the rule usually applicable in negligence cases — that if there is no primary action there is no derivative action- — ■ should bar the husband’s action under these circumstances. (For an example of a valid derivative claim where no primary claim existed, see Becker v. Rieck, 19 Misc 2d 104, affd. 13 A D 2d 611.) When the Greenberg case (supra) was in the Appellate Division, although that court reversed the judgment in favor of the infant plaintiff and dismissed the complaint (which action was subsequently reversed by the Court of Appeals), it left unaffected the verdict which had been awarded the father on the derivative action based on breach of warranty, thereby indicating that it too recognized the validity of a derivative claim based on such a theory. (7 AD 2d 968.) Accordingly, the motion to dismiss the complaint of the plaintiff Angelo Amie is denied.