ADELE GELBMAN, Plaintiff, *v.* JAMES D. GELBMAN, Defendant.

Supreme Court, Westchester County, December 9, 1966.

*David C. Gilberg* for plaintiff. *Clark, Gagliardi, Gallagher & Smyth* for defendant.

JOHN J. DILLON, J.   The plaintiff commenced this negligence action against her unemancipated son to recover damages for injuries allegedly sustained by her in an automobile accident. It appears that the defendant son was operating plaintiff's car at the time of the accident and that he has placed the blame for the accident on the operator of another vehicle which was involved in the accident.   Since the plaintiff was a passenger in her own car at the time of the accident, she may not recover damages against the owner or operator of the other vehicle if the operator of her own car was himself negligent (*Gochee* v. *Wagner*, 257 N. Y. 344).

It is well established that an unemancipated child will not be permitted to maintain an action against a parent for nonwillful personal injuries sustained by him (*Sorrentino* v. *Sorrentino*, 248 N. Y. 626; *Badigian* v. *Badigian*, 9 N Y 2d 472).   The underlying theory upon which this principle is founded is to maintain family unity, mutual respect and discipline (*Cannon* v. *Cannon*, 287 N. Y. 425).   On the same theory, it would logically follow that a parent should not be permitted to maintain an action against an unemancipated child (*Boehm* v. *Gridley & Sons*, 187 Misc. 113; *Terwilliger* v. *Terwilliger*, 201 Misc. 453; 3 Warren's Negligence, § 9.01).

Accordingly, the plaintiff's motion is denied and the court on its own motion dismisses the complaint.