491 P.2d 984 (1971)
POUDRE VALLEY HOSPITAL DISTRICT, dba Poudre Valley Memorial Hospital, Plaintiff-Appellant,
v.
Kenneth B. HECKART, Defendant-Appellee.
No. 70-451.
Colorado Court of Appeals, Div. I.
December 14, 1971.
Hill & Hill, Alden V. Hill, Fort Collins, for plaintiff-appellant.
Fischer & Wilmarth, Timothy W. Hasler, Fort Collins, for defendant-appellee.
Not Selected for Official Publication.
PIERCE, Judge.
This is an appeal of an action on account by Poudre Valley Hospital District (the hospital) against defendant for hospital care given his daughter, LaDonna Heckart, during her minority. The record indicates that LaDonna's mother, Frances Heckart, and defendant were divorced by a Wyoming decree in 1959. Mrs. Heckart was given custody of the children, including LaDonna. Defendant was ordered to pay child support.
Shortly after the divorce, the defendant moved to Fort Collins, Colorado. LaDonna remained with her mother in Laramie, Wyoming, until her graduation from high school in June 1967; then she moved to Fort Collins to live with her father. While in Fort Collins, LaDonna worked at a department store and supported herself. Thereafter, LaDonna and her father had a disagreement which arose out of the conduct *985 of her social life and, according to her father's testimony, she was given the choice of abiding by his will or moving out. She chose to do the latter and left defendant's home. LaDonna moved into a mobile home which she shared with a girl friend until she was admitted to the plaintiff hospital for treatment of diabetes.
The trial court found that during the period immediately preceding her entry into the hospital, LaDonna supported herself and led an adult existence. She was subject to no parental control and received no support from either her mother or father. There is no evidence that the defendant consented to LaDonna's treatment by the hospital or that he agreed to pay any part of the expenses incurred therefor.
It is the hospital's contention that the trial court erred in finding that the defendant's daughter was emancipated. Further, it is their position that even if emancipation could properly be found, such emancipation was only partial and the defendant was not thereby relieved of his liability to pay LaDonna's hospital expenses. They assert that a total emancipation can occur only where there is a complete break in filial ties. See County of Alameda v. Kaiser, 238 Cal.App.2d 815, 48 Cal.Rptr. 343; Porter v. Powell, 79 Iowa 151, 44 N. W. 295; Lufkin v. Harvey, 131 Minn. 238, 154 N.W. 1097.
The existence of an implied emancipation is a factual question depending upon the circumstances arising in each case. Crosby v. Crosby, 230 App.Div. 651, 246 N.Y.S. 384; Robinson v. Ebert, 180 Wash. 387, 39 P.2d 992. Although we might have decided the case differently, there is sufficient factual basis in the record to support the trial court's determination that a complete emancipation had occurred. Buxton v. Bishop, 185 Va. 1, 37 S.E.2d 755; Simmons v. Stewart, 198 Ky. 330, 248 S.W. 892. H. Clark, Domestic Relations § 8.3; see Annot., 32 A.L.R.3d 1055; and Annot., 165 A.L.R. 723. The trial court was correct in holding that this emancipation relieved the defendant of his common-law duty to supply his daughter with necessaries and of his liability to the plaintiff hospital for providing medical care without his prior consent or approval. Buxton v. Bishop, supra.
Plaintiff's further assignments of error were waived upon oral argument.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.