Leonard Rubeneeld, J.
In this article 78 proceeding, petitioner seeks a judgment: (a) enjoining the New York State Urban Development Corporation (UDC) from building a proposed low-income housing project on Harris Road in the Town of Bedford (Bedford Project) and from holding any hearings with respect thereto, or, in the alternative, enjoining the UDC from holding a public hearing now scheduled for September 6, 1972 with respect to said project; and (b) compelling the Town of Bedford to enforce its zoning ordinance and building regulations with respect to the proposed project.
The respondents move to dismiss the petition on a variety of grounds — principally on the basis of documentary evidence and a failure of the petition to state a cause of action (CPLR 3211, subd. [a], pars. 1 and 7). An application to dismiss for lack of jurisdiction based on petitioner’s alleged failure to properly serve the UDC and for failure to serve the Attorney-Greneral (see CPLR 7804, subd. [c], as amd. by L. 1972, ch. 752) has been withdrawn and a written waiver of service has been obtained from the Attorney-Greneral.
Petitioner maintains that land for the Bedford Project was acquired unlawfully in that it was obtained prior to the holding of a public hearing as allegedly required by the New York State Urban Development Corporation Act (L. 1968, ch. 174, § 16, subd. [2]) and, further, that such prior acquisition precludes the possibility of a fair public hearing.
The court does not agree that a public hearing is required before the UDC may acquire real estate. Chapter 174 of the *337 Laws of 1968 (§ 16, subd. [2]) deals with the acquisition of a “ project ”. Section 13, dealing with the acquisition of “ real property ”, merely provides that the TJDC may obtain such property by any lawful means ‘1 upon making a finding that it is necessary or convenient to acquire * * * [the] real property for its immediate or future use ”. Moreover, section 26, which deals with paymnts by TJDC to municipalities in lieu of taxes, expressly provides for such payments in the case of “ real property of the corporation as to which no project findings have been made by the corporation, pursuant to section 10 ” (emphasis added). Since section 10 findings must be made prior to the public hearing mandated by section 16 the statute clearly contemplates the acquisition of real property prior to any public hearing (cf. Town of Greece v. Urban Development Corp., N. Y. County Index No. 17437/72, Sup. Ct., 1972).
Petitioner’s contention that, by buying the land in advance of the required hearing, the TJDC has committed itself to the building of the project as planned, and has foreclosed the possibility of a fair hearing, is wholly conclusory and fails to state a ground upon which relief may be granted.
Similarly, petitioner’s allegation that a fair hearing is precluded because the Town of Bedford has already entered into an agreement with the TJDC providing for development of the Bedford Project, is insufficient to warrant the relief requested. Section 16 (subd. [2], par. [e]) places responsibility upon the town planning board to make a recommendation of approval, disapproval or modification of the project after the public hearing has been held. The agreement does not purport to bind, and cannot bind, the town planning board in the execution of its responsibilities under the statute. Moreover, the agreement, on behalf of the Town of Bedford, was entered into by the town board. The town planning board is a separate and independent body (Town Law, § 271; Op. St. Comp., 1945, p. 360; Op. St. Comp., 1967, pp. 409, 853). There is nothing to show that the members thereof will not carry out their responsibilities according to their own independent judgments of the project.
With respect to the hearing scheduled for September 6, 1972, petitioner seeks to enjoin the TJDC from holding the hearing on the grounds that: (a) a copy of the project plan was not timely filed with the town clerk of the Town of Bedford; (b) printed digests of the general project plan were not available on request as required; and (c) the general project plan contains false information.
*338 Chapter 174 of the Laws of 1968 (§ 16, subd. [2]) provides that the UDC shall file a copy of the general project plan in various places including the office of the town clerk; that any person.shall be furnished with a digest of such plan upon request and that a notice of .the filing of such plan and the availability of digests thereof shall be published not less than 30 days prior to the scheduled public hearing.
The facts concerning the filing of the general project plan are not really in dispute. Notice that the plan had been filed was published in several newspapers on Friday, August 4 and Saturday, August 5,1972. Petitioner alleges that he went to the Bedford Town Hall on August 7, 1972 to examine the general project plan but was advised that no project plan had yet been filed. The hour at which he was so advised is not stated. Documentary evidence in the form of a registered mail receipt and a receipted copy of a transmittal letter to the town clerk establish .that one copy of the general project plan was served by registered mail on August 4, 1972 and delivered on August 7, 1972 and that another copy was hand delivered to the clerk’s office at 11:30 a.m. on August 7, 1972 (30 days in advance of the September 6, 1972 hearing). Furthermore, in an affidavit annexed to UDC’s motion to dismiss, it is alleged that two unsuccessful efforts (apparently because the clerk first desired a map of the project and then because the clerk’s office was closed) were made to hand deliver a copy of the plan on August 4, 1972 — the date on which notice of the filing was first published. Since no affidavit was submitted in opposition to the motion for dismissal, the court may accept these allegations as true in deciding the motion to dismiss (cf. Epps v. Yonkers Raceway, 21 A D 2d 798; Terwilliger v. Terwilliger, 201 Misc. 453; McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, §§ 404, 409, Practice Commentaries; but cf. Matter of Levien v. Board of Zoning & Appeals of Inc. Vil. of Russell Gardens, 64 Misc 2d 40, 41-42). While the petitioner maintains that the allegations made on behalf of UDC constitute an admission that .the plans were not timely filed, the court is of the opinion that the recited facts demonstrate substantial compliance with the .statute which “ shall be liberally construed so as to effectuate its purposes” (L.,1968, ch. 174, § 34).
Petitioner’s allegation that printed copies of the digest of the plan were not available when he made his initial request for a copy fails to provide a ground for relief in view of the uncontradicted allegations on behalf of UDC that petitioner, upon request, Was supplied with a Xerox copy of printer’s page proofs *339 for the digest and that a final printed copy was later mailed to him.
Petitioner alleges that the general project plan and digest contain false information in that, although .the project must under State law (L. 1968, ch. 174, § 3, subd. [6], par. [a]) be composed entirely of ‘ ‘ low income ’ ’ housing, the plan and digest refer to “ moderate income ” housing. It appears however that the reference to moderate-income housing was simply a reference to Federal (FHA) standards of “ moderate income ” which are included within the New York State standard of “ low income ”. Whatever confusion may have been created by this reference to FHA standards can be adequately dispelled at the public hearing now scheduled.
Finally, petitioner’s allegation that the zoning ordinance and building regulations must be enforced with respect to the Bed-ford Project is without merit in view of the exemption from local zoning laws and regulations given to the UDC (L. 1968, ch. 174, § 16, subd. [3]; Floyd v. New York State Urban Development Corp., 70 Misc 2d 187).
The motion by the respondents for dismissal of the petition is granted.