Joot L. Larkin, J.
This is a motion brought by the defendant, or more accurately by the attorneys for the defendant, to dismiss the complaint brought by the son of the defendant against the defendant on the ground that it does not state facts sufficient to state a cause of action.
The complaint alleges that the infant, over the age of five, on August 7, 1967 at about 7:30 p.m., was on a playground of an elementary school when he climbed up a slide, fell over backwards and landed on the ground sustaining injuries. The infant plaintiff brings this action against his father contending in negligence that the father “ allowed the infant-plaintiff to be unrestrained and to stray out of the defendant’s immediate control * * # permitting the infant-plaintiff to engage in dangerous and unsafe play activity * * * without any supervision and without any warning of the danger connected therewith * * * failing to take any precaution for the infant-plaintiff’s safety ’ ’. The complaint alleges that the infant plaintiff lives with his father and is under his father’s care and control. The gist of the infant’s claim against his father is that the father knowingly permitted him to play on a slide which was designed for older children.
The issue in the case is whether an unemancipated infant can bring an action in New York against his father, the causes of action arising in situations other than automobile accidents. The infant plaintiff brought this action, according to his lawyers, against his father under the authority of Gelbman v. Gelbman (23 N Y 2d 434). To this court, some of the problems inherent in Qelbman are brought to light in this action. The infant is non sui juris and, therefore, his cause of action against his father must have been advanced by someone and a fair presumption is that it was advanced by his father. It is, of course, necessary to have a guardian ad litem and in this case it is Robert E. Heslin. He could be an uncle, or a friend, or a cousin, or a complete stranger, but in any event, for the purposes of this case, he is placed in loco parentis to pursue the action for the natural parent.
Now comes the motion by the father to dismiss the complaint brought by the son. It would be completely unrealistic for this court not to recognize that the father must know and approve *830 of the infant son’s action against him. It would be just as unrealistic not to believe that the action to dismiss this complaint is brought by the attorneys for the father without at least the express approval of the father.
In Gelbman the courts revoked a long standing rule of the State of New York prohibiting child-parent suits for nonwillful torts. There is no need, nor any reason, to discuss the family immunity doctrine as it has already been thoroughly considered by the Court of Appeals (Sorrentino v. Sorrentino, 248 N. Y. 626; Badigian v. Badigian, 9 N Y 2d 472; Cannon v. Cannon, 287 N. Y. 425; Gelbman v. Gelbman, supra).
In Gelbman the Court of Appeals, in a unanimous decision, has abolished the defense of interfamily immunity for nonwillful torts. The question raised in the instant case is whether that doctrine applies to situations other than automobile accidents and other than active cases of negligence. The Court of Appeals has practically abolished the doctrine of active-passive negligence (Dole v. Dow Chem. Co., 30 N Y 2d 143).
This court views Gelbman as being restricted to automobile cases and will not extend it to a father’s purported negligence in failing to supervise his child who was playing in a school yard. In Gelbman (supra, p. 438) the court definitely stated: “ The parties recognize, as we must, that there is compulsory automobile insurance in New York * # * Viewing the case in this light, we are unable to comprehend how the family harmony will be enhanced by prohibiting this suit.” There is no compulsory homeowner’s policy or liability policy of any type that would cover a father for his infant’s actions in a play yard or the father’s failure to supervise him.
It is the conclusion of this court that the rationale and the decision in Gelbman confines itself to instances in which there is compulsory insurance on the part of the defendant parent and that the doctrine of parental immunity for nonwillful tort of unemancipated infants is still the law of the State of New York in situations other than those where the parent is covered by compulsory insurance.
For the purposes of this motion, this court does not Consider the merits of the complaint, but assumes that it states a cause of action.
The motion is granted. The complaint is dismissed.