NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, Respondent, *v.* SAM MADISON, Appellant.

Third Department, March 6, 1946.

*Nathan H. Richman* for appellant.

*Illch & Poskanzer* (*Avrom M. Jacobs* of counsel), for respondent.

BREWSTER, J. This action is to recover from defendant the amount of a check drawn upon plaintiff bank by one of its depositors and which it paid to defendant, the payee, after receipt of a stop-payment order by the drawer. The complaint purports to plead a cause of action upon the instrument, in plaintiff's favor as a holder in due course and upon defendant's liability as an indorser. In the court of original jurisdiction it was dismissed as legally insufficient. On appeal to the County Court, the County Judge, in his opinion, agreed with the court below that the complaint was insufficient as stating such a cause but the order and judgment of dismissal were reversed and the complaint upheld as stating a cause of action *quasi ex contractu.*

We agree with the courts below that the complaint fails to state a cause of action upon the instrument. Plaintiff was not a holder in due course. The defendant payee's transfer of the check to the plaintiff drawee was for payment. It was not incident to a sale. The payee's indorsement did not work a negotiation. Such was a part of his execution of his order to pay and, as well, his receipt of payment. The drawee's payment discharged the instrument. (Negotiable Instruments Law, § 200.) Moreover, the drawee's knowledge of the stop-payment order was actual knowledge of the instrument's infirmity, even though its paying teller was unapprised thereof when, as drawee's agent, he cashed the check. (*Oddie* v. *National City Bank of New York,* 45 N. Y. 735, 741–742; *Dousmanis* v. *Colonial Bank,* 134 Misc. 472, affd. 228 App. Div. 809; *South Boston Trust Co.* v. *Levin,* 249 Mass. 45; 4 Harv. L. Rev. 297–302; 42 Harv. L. Rev. 412–413; Woodward on the Law of Quasi Contracts [1913], § 80, and cases cited.)

We also consider the complaint insufficient to state a cause of action in quasi contract. Where a complaint attempts the statement of a cause of action singly, as here, but is based upon alternative theories, it fails unless the statement is good as to both alternatives. (*Johansson* v. *Kemp,* 211 App. Div. 276, 279; *Clark* v. *Dillon,* 97 N. Y. 370, 373.) Further, the complaint lacks any plain and concise statement of facts showing defendant's unjust enrichment to plaintiff's damage, and of a demand for repayment which, it seems, is a prerequisite to suit. That defendant was given notice that the drawee did not receive payment when it presented the check to itself for payment is an insufficiently plain statement of demand of restitution when the cause must needs be predicated upon plaintiff's misreliance on a right against or duty owing to a third party, viz., its depositor, and defendant was innocent when he received the benefit.

The order and judgment appealed from should be reversed and that of the City Court affirmed, and the complaint dismissed, with costs.

HEFFERNAN, FOSTER and LAWRENCE, JJ., concur; HILL, P. J., dissents.

Order and judgment reversed and judgment of the City Court affirmed, and the complaint dismissed, with costs in all courts.