LEON A. CHIKOFSKY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31187.)

Court of Claims, December 3, 1952.

*Nathaniel L. Goldstein, Attorney-General* (*Douglas L. Manley* of counsel), for defendant.

*William W. Heiberger* and *Harry Kalman* for claimant.

SYLVESTER, J. The State moves to dismiss the claim for failure to state a cause of action. The pleading alleges that claimant was injured as a result of an accident involving his car with that of one Grasso, whose operator's license and registration had been previously suspended by the Bureau of Motor Vehicles. In brief, it is the theory of the action that the State's failure to take " physical " possession of Grasso's operator's license and registration, after suspension, was responsible for the injuries. It is alleged also that Grasso should not have been licensed to drive in the first instance because he was an habitual violator and had failed to comply with the safety responsibility provisions of the Vehicle and Traffic Law. All this, presumably, is contended to make for actionable negligence on the part of the State.

In analogous situations, it has been held that neither the State nor the municipality incurs liability in damage to individuals for its omission to perform a public duty. (*Steitz* v. *City of Beacon,* 295 N. Y. 51; *Murrain* v. *Wilson Line,* 270 App. Div. 372, affd. 296 N. Y. 845; *Paglia* v. *State of New York,* 278 App. Div. 281, affd. 303 N. Y. 821.)

In *Steitz* v. *City of Beacon* (*supra*) the action was brought to recover damages as the result of a fire which occurred in the city of Beacon. The city's charter provided that the city may construct and operate a system of waterworks and, among other things, required it to maintain a fire department. A system of water works was constructed to supply water for private and public use, including fire protection, and as part of this system a pressure and flow regulating valve was constructed on a water line and water main located near the plaintiff's property. It was alleged that the fire broke out on these premises and the plaintiff's property was destroyed because of the negligence of the city in failing to create and maintain a fire department, including fire equipment and protection, for the benefit of plaintiff's property. It was also alleged that the city negligently failed to keep in repair the pressure and flow regulating valve located near the plaintiff's property, as a result of which there was an insufficient supply of water to combat the fire.

Pointing out that the waiver of immunity section of the Court of Claims Act rendered the municipality liable equally with individuals and private corporations for the wrongs of its officers and employees, THACHER, J., for the majority, said at pages 54–56: " In each case, however, liability must be ' determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations '. Accordingly the city is governed and controlled by the rules of legal liability applicable to an individual sued for fire damage under the circumstances alleged in the complaint. The question is whether the facts alleged would be sufficient to constitute a cause of action against an individual under the same duties as those imposed upon the city solely because of failure to protect property from destruction by fire which was started by another. There is no such liability known to the law unless a duty to the plaintiff to quench the fire or indemnify the loss has been assumed by agreement or imposed by statute. * * * Quite obviously these [statutory] provisions were not in terms designed to protect the personal interest of any indi-

vidual and clearly were designed to secure the benefits of well ordered municipal government enjoyed by all as members of the community. There was indeed a public duty to maintain a fire department, but that was all, and there was no suggestion that for any omission in keeping hydrants, valves or pipes in repair the people of the city could recover fire damages to their property. An intention to impose upon the city the crushing burden of such an obligation should not be imputed to the Legislature in the absence of language clearly designed to have that effect. * * * *A fortiori* the Legislature should not be deemed to have imposed such a risk when its language connotes nothing more than the creation of departments of municipal government, the grant of essential powers of government and directions as to their exercise. Such enactments do not import intention to protect the interests of any individual except as they secure to all members of the community the enjoyment of rights and privileges to which they are entitled only as members of the public. Neglect in the performance of such requirements creates no civil liability to individuals [citing authorities].''

Likewise, in *Murrain* v. *Wilson Line* (*supra*) it was said at pages 375, 377: '' The law is established that a municipality is answerable for the negligence of its agents in exercising a proprietary function, and at least for their negligence of commission in exercising a governmental function [citing cases], but a municipality is not liable for its failure to exercise a governmental function, such as to provide police or fire protection [citing cases]. * * * The waiver of sovereign immunity by section 8 of the Court of Claims Act (L. 1939, ch. 860) does not affect the matter. The waiver simply subjects the State and its subdivisions to the same liability as individuals or corporations for the same acts. It does not create liability on the part of a city for failure to exercise a governmental function.''

Significant in that case is the following observation (p. 377): '' Of course, if in the line of service an individual policeman had committed some act of negligence whereby a citizen was injured, the city would be liable for that individual act. But no claim is made that the action of any policeman inflicted injury upon anyone here. The claim is that the police force failed to take the affirmative action which was necessary to avoid injury to members of the public, which is simply a failure of police protection. Such failure is not a basis of civil liability to individuals.''

So here, the claim is made that the State failed to take the affirmative action of taking possession of the operator's license and registration. " Such failure is not a basis of civil liability to individuals." Moreover, it cannot be said that the failure of the State to physically seize Grasso's license and registration would have prevented him from operating a motor vehicle on the public highway. It was reasonable to assume that he would comply with the suspension order and it was just as unlawful for him to drive after suspension as after a seizure. Thus, in any event, it may not be said that the failure to take possession of the license was the proximate cause of the injuries sustained by the claimant. On the facts pleaded it is held that the claim fails to state a cause of action and the motion to dismiss must therefore be granted. Submit order.