GARY SIEMBAB, an Infant, by ANNA SIEMBAB, His Guardian ad Litem, Respondent, *v.* HELEN K. SIEMBAB, Appellant, et al., Defendant.

Fourth Department, September 22, 1954.

*Bert B. Lockwood* for appellant.

*E. J. Fitzgerald* and *Henry J. Ziemba* for respondent.

Piper, J. This is an appeal by the defendant, Helen K. Siembab, from an order of the Oneida Special Term denying her motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The action was brought by the three-year-old son of the defendants, by his guardian ad litem, to recover damages sustained by the infant who was seriously injured in an accident when an automobile owned by his father and being driven by his mother, defendant-appellant, ran off the southerly side of York Street, near Sophia Street in the city of Utica, striking a hydrant and then a utility pole.

The Special Term dismissed the complaint against the defendant father on the ground that an unemancipated child cannot maintain an action to recover for personal injuries against a parent on the ground of negligence, and "there is nothing in the complaint that alleged the father * * * was a party to any willful, wanton, or culpable act on the part of his wife." No appeal was taken by plaintiff for the dismissal as to the defendant father.

The rule is well established in this State that an unemancipated child may not bring an action against his parent to recover damages for personal injuries caused by ordinary negligence of the parent. (*Ciani* v. *Ciani,* 127 Misc. 304; *Sorrentino* v. *Sorrentino,* 248 N. Y. 626; *Cannon* v. *Cannon,* 287 N. Y. 425; *Epstein* v. *Epstein,* 283 App. Div. 855.) Here the drafter of the complaint has sought to find an exception to the rule by the use of three words. He alleges that defendant-appellant "so willfully, wantonly and culpably operated" the automobile "at a high and unlawful speed" that the accident was caused and personal injuries suffered by the infant. If we substitute the

words "negligently" and "carelessly" for the words "willfully", "wantonly" and "culpably", the complaint should be dismissed under the rule stated above.

In the *Cannon* case, above cited, Judge LEWIS wrote at pages 428, 429: "Not yet, however, have our courts granted an unemancipated child — whom the law decrees to be a member of that household — the right to hold his parents in damages for unintended personal injuries resulting from such conditions." And again at page 429: "In the absence of statutory sanction, we are not prepared, in cases where wilful misconduct by the parent is not a factor, to inject the disruptive risk of tort liability between parents and their unemancipated children, in which relationship both parents and children — by nature and by law — have reciprocal duties to perform which still make for family unity."

We think the "wilful misconduct" exception to the rule requires some allegation of facts to show in what way the parent is alleged to have willfully injured the child; and that the use of the words "willfully", "wantonly" and "culpably", without factual allegations to support them, does not change the nature of the action so as to take it out of the rule which precludes an unemancipated child from bringing an action against his parent for damages for personal injuries sustained caused by the negligence of the parent. As no such factual allegations are set forth in this complaint, we hold that it does not state a cause of action against the defendant-appellant.

That part of the order appealed from, which denies appellant's motion to dismiss the complaint should be reversed and the motion granted, without costs.

All concur. Present — VAUGHAN, J. P., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Order insofar as appealed from reversed on the law, without costs of this appeal to any party and motion granted, without costs.