ALTON S. ROWE, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32553.)

Court of Claims, December 10, 1954.

*Roland Ford* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Lawrence H. Wagner* of counsel), for defendant.

MAJOR, J. This is a motion made by the State for the dismissal of the above claim on the ground that it does not state facts sufficient to constitute a cause of action.

No affidavits have been filed by either party, and the court must for the purposes of this motion, accept the allegations in the claim as being true.

The claim alleges that the State was negligent in issuing a big game hunting license to William Nicholas Diehl, age 17 years, who on November 28, 1952, while hunting, shot the claimant in the stomach with a slug from a 16-gauge shotgun.

The negligence of the State is based on the following allegations:

" 2. This claim is for the negligence of the State of New York in issuing a Big Game Hunting License to William Nicholas Diehl of 11 O'Connell Street, Albany, New York, aged seventeen years.

" 3. That said Hunting License was issued November 21, 1952. by Morris Fine at Albany, New York.

" 4. That said Morris Fine purported to be a Special Game Protector of the Conservation Department.

" 5. That said Morris Fine was not qualified for such a position in that he did not pass a noncompetitive examination conducted by the Conservation Department as required by Section 165 of the Conservation Law of the State of New York, and did not pass any other adequate examination, and that the license issued by Morris Fine to William Nicholas Diehl was void and the appointment of Morris Fine by the Conservation Department was likewise void and of no effect.

" 6. That the Commissioner of the Conservation Department of the State of New York was negligent and careless in appointing said Morris Fine a Special Game Protector in that said Morris Fine never qualified; that the said purported Special Game Protector had no regular hours of employment for the State of New York, and received no pay from the State of New York, and did no police work as a game protector for the State of New York, and was not a bona fide Special Game Protector; all of which was known to the said Conservation Commissioner.

" 10. That as a result of the negligence of the State of New York in issuing and permitting and causing the issuing of the said license, claimant suffered personal permanent injuries all to his damage of $100,000.00 one hundred thousand dollars; together with claimant's disbursements hereafter set forth."

The theory of the claim is that if the Commissioner of Conservation had observed the law and required the special game protector to pass a noncompetitive examination as provided by section 165 of the Conservation Law, he would have failed such examination or, in any event, he would not have been appointed to such position, could not have issued the license to said Diehl; therefore, Diehl could not obtain a license, would not have gone hunting and, consequently, claimant would not have been shot in the stomach with a slug from a 16-gauge shotgun.

The claim contains no allegation that William Nicholas Diehl was not a proper, fit or competent person to have such a license.

Assuming that the special game protector's appointment was illegal, and that the license issued to Diehl was void or voidable, a violation of section 165 of the Conservation Law by the appointing authority, under the circumstances related herein, cannot be construed as the proximate cause of the accident for which the State could be held liable.

Whether or not Morris Fine took a noncompetitive examination before his appointment as a special game protector is not the decisive question in this case. At the time of the issuance

of the license, it is undisputed that he was discharging the functions of such position under color of authority, appointed by the person designated by law to make such appointment.

The making of such appointment and the issuing of the big game license by the appointee are both administrative acts performed as governmental functions, for which the State did not assume liability under the Court of Claims Act. (*Newiadony* v. *State of New York,* 276 App. Div. 59, 61.)

Motion to dismiss claim is granted.

Submit order accordingly.