Charles Lambiase, J.
The State of New York has brought on this motion to dismiss the above-entitled claim on the ground “ that it appears on the face thereof, that the claim does not state the facts sufficient to constitute a cause of action against the State of New York; and for such other and further relief as to the Court may seem just and proper.” (Notice of motion.)
It is alleged in the claim, among other things, that claimants *765 are the owners of certain property fronting on Chautauqua Lake; that Chautauqua Lake is navigable water; that the owners of property bordering on it own to the mean low water mark; and that beyond the mean low water mark the lands belong to and are under the jurisdiction of the State of New York. It is further alleged:
“ 5. That thereafter and late in 1951 the owners of several lots to the north of claimants’ property built a cement wall out into the lake, filling in behind it, thereby extending the low water mark farther out into the lake, a distance of from one to approximately forty feet.
“ 6. Upon information and belief, that this was done without the grant of any Under Water Patent by New York State, and that New York State has done nothing at that time or since to prevent or ameliorate the condition caused thereby.
“ 7. That by virtue and as a result thereof a continuing condition was created thereby, existing from day to day up to the present time, whereby the premises in front of the low water mark of claimants’ property became the depository of weeds, slugs, mud and other refuse, whereby claimants’ property is daily and annually becoming narrower in its lake frontage, and which, if it continues, will eventually leave claimants with no lake frontage.
“ 8. This claim is for the negligence of the State of New York in allowing the creation and continuance of a trespass and nuisance to exist in connection with claimants’ property as above described.”
The gravamen of the alleged cause of action in claimants’ claim contained is negligence; and negligence and responsibility in negligence is corelative to an obligation imposed and a violation thereof. To warrant a potential recovery claimants must establish a duty running to them and a violation of that duty. Of course, if there was no duty, there could be no violation. (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339, 345.)
In considering a motion to dismiss for failure to state a cause of action ‘‘ Settled rules of construction are to be applied. ‘ If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied. ’ (Dyer v. Broadway Central Bank, 252 N. Y. 430, 432.) The whole of the pleading must be considered. (Calvo v. Davies, 73 N. Y. 211, 218.) However imperfectly, informally or even illogically the facts may be stated, a complaint, attacked for insufficiency, is deemed to allege ‘ whatever can be implied from its statements by fair and reasonable intendment.’ (Kain v. Larkin, 141 N. Y. 144, 151.) The question for us is whether the requisite allegations *766 of any valid cause of action cognizable by the state courts ‘ can be fairly gathered from all the averments.’ (Moss v. Cohen, 158 N. Y. 240, 247; Zabriskie v. Smith, 13 N. Y. 322, 330.) ” (Condon v. Associated Hosp. Service of N. Y., 287 N. Y. 411, 414.) Applying these principles to the claim as filed, we conclude that the allegations thereof do not state a cause of action. (Steitz v. City of Beacon, 295 N. Y. 51, 56; Murrain v. Wilson Line, 270 App. Div. 372, affd. 296 N. Y. 845; see, also, People v. System Properties, 281 App. Div. 433.)
State’s motion to dismiss the claim is granted.
Submit order accordingly.