Bernard Ryan, J.
Claimant is a dairy farmer owning an “ accredited ” herd of cattle. The herd was tested for bovine tuberculosis in 1947 and not again until October 27, 1953. This test showed 10 head diseased and thereupon claimant’s entire herd and premises were placed under quarantine by the State authorities. In January and February, 1954, other tests disclosed 5 additional diseased animals. Tests in March and April, 1954 indicated that no more animals were diseased, the quarantine was lifted and claimant received indemnity from the State for 15 head in amounts not stated but alleged to be less than the fair market value of the cattle which is pleaded at $1,750. Claimant also pleads damages of $150 for caring for the condemned 15 head until they were removed from his premises and $3,750 for 50% loss of milk production for two years and more “ without corresponding reduction of costs of operation ”.
Such of claimant’s allegations as recite facts must, for the purposes of this motion, be accepted as provable. The Attorney-General moves to dismiss the claim on the grounds (1) that the pleading does not state a cause of action and (2) that this court lacks jurisdiction to hear it and (3) for other and further relief.
We consider the first point. The claimant charges the State of New York with negligence in omitting, for a period of six years or more, to have the State’s designated veterinarian make a test of claimant’s herd. He asserts that his herd was *1067 ‘‘ required and entitled, under the statute and rules to he tested for bovine tuberculosis at least once in each three years by a veterinarian designated by the Commissioner of Agriculture and Markets
Claimant sues under the provisions of Agriculture and Markets Law (§ 79) and the rules adopted thereunder. Subdivision 6 of that statute authorizes the commissioner to make rules for herds tested under that section of the law. Claimant’s attorney, in his brief in opposition to the motion made by the Attorney-General, refers to a rule which he asserts has been effective from 1929 to the present year and which he quotes as follows: “ Rule 5: An accredited herd located in a ‘ modified accredited area ’ shall be retested at least once in three years by a veterinarian specifically authorized in writing by the Department of Agriculture and Markets to apply such retest.”
We take judicial notice of the statute and of the rules promulgated thereunder. Research discloses that the rule quoted, promulgated November 11, 1929, was revoked under date of April 27, 1946, effective May 1, 1946, and that another rule was in effect within the period of claimant’s pleading. Rule A then provided as follows:
“ 1. Individual accredited herd plan.
“ a. A tuberculosis-free accredited herd of cattle is one in which the entire herd has passed two negative annual physical examinations and tuberculin tests.
“ b. To maintain a fully accredited status, a herd must be tested annually.
“ c. Accredited Herd certificates will be issued only upon request, and shall be valid for one year unless revoked.” (N. Y. Off. Comp, of Codes, Rules & Regulations [4th Cum. Supp.], p. 6.)
The provision that an accredited herd certificate will be issued only upon request conforms to the statutory provision that “ The owner of a herd of cattle kept for dairy or breeding purposes within the state may apply to the commissioner for examination of his herd by the tuberculin, or other approved tests ”, which is the opening sentence of section 79 of the Agriculture and Markets Law. Claimant’s pleading contains no recitation that he ever at any time made any application to the commissioner for an examination of his herd. His allegation that he owns an accredited herd and that such herd is ‘ ‘ required and entitled” to be tested is a mere conclusion based upon claimant’s interpretation of the statute and the rules.
A pleading challenged for legal insufficiency must be construed broadly and liberally and the allegations of fact stated *1068 therein must be assumed to be true. But the legal conclusions drawn by the pleader and his interpretation of statutes are not admitted by the challenger and need not be accepted by the court. (Tripp on Guide to Motion Practice [Rev. ed.], pp. 242, 243, and Cumulative Supp. 1949-1955, p. 190, and cases cited.) Moreover a complaint which sets forth a cause of action which is strictly a creature of statute but which fails to allege compliance with such statute may be dismissed for insufficiency. (5 Carmody-Wait on New York Practice, p. 33.) The insufficiency here being apparent the motion to dismiss must be granted.
That being our view we pass over the Attorney-General’s argument that the State is not liable herein because only nonfeasance in performing a governmental act is pleaded, citing Murrain v. Wilson Line (270 App. Div. 372, affd. 296 N. Y. 845) and a line of related cases which really stem from Moch Co. v. Rensselaer Water Co. (247 N. Y. 160). We find it unnecessary herein to discuss nonfeasance as against misfeasance. Claimant himself pleads that he “ does not know whether the failure to test was deliberate or negligent and therefore alleges, on both in the alternative ”. That makes his pleading insufficient in law unless it is good as to both alternatives. (Johansson v. Kemp, 211 App. Div. 276; National Commercial Bank & Trust Co. v. Madison, 270 App. Div. 437.) Here it is altogether insufficient. Enter order.