Bernard Ryan, P. J.
Claimant is unhappy over our dismissal of his claim reported in 2 Mise 2d 1065. He has appealed, which is right and proper. But he has also moved before this court for “resettlement” of the order of dismissal and “to add thereto permission to serve an Amended Claim in the form hereto attached.” A proposed amended pleading is presented with the notice of motion. The Attorney-General opposes this application.
The proposed amended claim omits the following sentence originally pleaded: “ The claimant does not know whether the failure to test was deliberate or negligent and therefore alleges both in the alternative.” By this omission counsel asserts that he has cured one defect which we found in his original pleading viz.; its alternative form.
More important to our consideration is the revision of the pleading to meet the objection that only conclusions of law were pleaded. The proposed amended pleading contains this paragraph:
“ The Town of Bennington at all times hereinafter mentioned was and is a * modified accredited area ’ within the meaning of certain rules adopted under authority of Agriculture and Markets Law section 79 subsection 6, and claimant’s herd, like other dairy herds within such Town, was required and entitled, under the statute and rules, to be tested for boviiie tuberculosis at least once in each three years by a veterinarian designated by the Commissioner of Agriculture and Markets. Such retesting within three year intervals was and is not conditional upon an application to be made by the claimant but was and is done according to a schedule maintained by the State and its employees.
“ The foregoing statements of fact are fully consistent with the rules effective January 1, 1930 (printed in the Official Compilation published by the Secretary of State in 1945, Vol. I page 38) and those effective May 1, 1946 (printed in Fourth Official Supplement page 6) and those effective October 1, 1954 *184 (printed in Tenth Official.Supplement page 1). “The administrative practice of the officials charged with the enforcement of the statute .and rules .has .proceeded consistently with such statements of fact throughout the period Í930-1955, without exception, as the claimant is informed and believes,- except the present case.”
We are unable to discern in the new phraseology that facts rather than conclusions have now been .pleaded. Formerly it was alleged that “ claimant’s herd of dairy .cattle is an accredited herd located in a modified accredited area ”. It is now proposed to allege that “ the Town of Bennington at all times hereinafter mentioned was and is a * modified accredited area ’ ”. What are the facts which made it so? Was it set up by the Department of Agriculture and' Markets pursuant to statute and rifle? If so, when and in what manner?
The statement that claimant was entitled ,to have his herd retested at three-year intervals without application on his part is likewise a legal conclusion and one without foundation as we find such practice contrary- to- the language -and to the intent of section 79 of the Agriculture and Markets -Law and the departmental rules promulgated thereunder, 'as - we have heretofore indicated.
Finally, the statement -in the proposed pleading that the allegations “ are fully consistent with the rides ” is certainly a mere conclusion on the part of the pleader. -For these reasons the new motion must be denied and claimant left-to his remedy of a review on appeal.
The Attorney-General again urges a ruling on the issue of nonliability for nonfeasance in the performance of a governmental act. It would seem that if a municipality is not liable to protect the personal-interest of an individual property owner against damage by -fire, the State of Hew --York in its program for the eradication of bovine tuberculosis is not liable to the individual herd ownei beyond the boutity paid for his condemned cattle in accordance with statute. (See Steitz v. City of Beacon, 295 N. Y. 51; Paglia v. State of New York, 278 App. Div. 281, affd. 303 N. Y. 821; Chikofsky v. State of New York, 203 Misc. 646; Craver v. State of New York, 204 Misc. 214; Rowe v. State of New York, 206 Misc. 1035; Cowan v. State of New York, 2 Misc 2d 764.) But we do not decide that question.
Claimant'is not suing -for the Indemnity provided for by sections 87 and',88 . of the Agriculture and Markets Law but pleads that he has received payment for 15 cattle condemned.
The motion is denied. Enter order.