Sidney Squire, J.
Petitioner moves, pursuant to subdivision 5 of section 10 of the Court of Claims Act, for an order permitting him to file a claim against the State of New York after the initial statutory time. The State’s principal opposition is predicated on its assertion that the proposed claim fails to state a cause of action against it. We agree with that contention.
The essential facts averred in the proposed pleading are as follows: the Bureau of Motor Vehicles of the New York State Department of Taxation and Finance issued license plates on a motor vehicle owned by a lady named Brunkhorst. She obtained an automobile liability insurance policy which was subsequently cancelled by the carrier. Within a number of days thereafter, the lady received a revocation notice from said State bureau, pursuant to the provisions of the recently enacted Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6-A).
The lady did not surrender the license plates. Three months and nine days after receipt of said revocation notice, her license plates were still affixed to her automobile when it struck the petitioner while driving his own motor vehicle.
■ The movant maintains that the ‘‘ State was negligent in that it permitted” the lady “ to retain possession of her license plates ”. He demands $100,000 of the State as his damage resulting from the foregoing.
If all of the facts alleged were proven on a trial, we would dismiss the claim. Our distinguished predecessor, Judge George Sylvester in Chikofsky v. State of New York (203 Misc. 646 [1952]) construed an earlier statute involving the suspension of an operator’s license and registration. He wrote with pertinence, at page 649: “ So here, the claim is made that the State failed to take the affirmative action of taking possession of the operator’s license and registration. ‘ Such failure is not a basis of civil liability to individuals. ’ Moreover, it cannot be said that the failure of the State to physically seize Grasso’s license and registration would have prevented him from operating a motor vehicle on the public highway. It was reasonable to assume that he would comply with the suspension order and it was just as unlawful for him to drive after suspension as after a seizure. Thus, in any event, it may not be said that the *594 failure to take possession of the license was the proximate cause of the injuries sustained by the claimant. On the facts pleaded it is held that the claim fails to state a cause of action and the motion to dismiss must therefore be granted ’ ’.
The crux of the legal principle involved is “ causation ”. We cannot say as a matter of law that the State’s alleged negligence was the proximate cause of petitioner’s damage. Suppose the lady had been driving an automobile with no license plates affixed or stolen license plates, or she never had received a license to operate a motor vehicle, would the State be liable ?
Motion denied. Short form order signed.