E. Howard Ringrose, J.
The trial of this action based upon alleged willful and wanton negligence brought by an unemancipated minor against his father resulted in a verdict in the amount of $20,000.
Decision was reserved on motions of the defendant made at the close of all of the evidence for a nonsuit and a dismissal of the complaint, and the same are denied. The motion of defendant made at the close of the evidence for a directed verdict of no cause of action is also denied.
A previous trial of this action resulted in a verdict of $22,500. An appeal from the judgment entered thereon and the order denying the defendant’s motion and for a new trial, resulted in a reversal on the law and the facts and a new trial was granted (8 A D 2d 933).
*439 As indicated above, the plaintiff is or was at the time of the accident, the nnemancipated son of the defendant, his father.
The plaintiff’s alleged cause of action arose out of a one car accident involving an automobile owned and operated by plaintiff’s father. The elements of “willfulness” and “wantonness ” essential to the plaintiff’s cause of action were based upon proof that at the time of the accident, the defendant was operating his automobile while intoxicated.
The evidence on the trial was substantially the same as that offered on the previous trial, except that there was in evidence on the last trial, a properly certified copy of a certificate of conviction of the charge of driving while intoxicated upon a plea of guilty by the defendant.
On the night of the accident the defendant was brought by the arresting officer before William Tucker, Justice of the Peace of the Town of Fairfield, Herkimer County, New York, and thereafter was held in custody in the Village of Herkimer pending arraignment on the following day.
Judge Tucker, who was a disinterested witness, expressed the opinion based upon the defendant’s incoherent speech and his manner of walking, that he was intoxicated.
The defendant explained his apparent intoxication as due to a concussion he received in the accident and testified that he pleaded guilty to the charge of driving while intoxicated in order to obtain his freedom so that he could go to his son who was in the Little Falls Hospital.
The defendant admitted having six three-ounce glasses of muscatel wine during the evening prior to the accident and that he dozed off while driving.
Implicit in the verdict of the jury was the finding that the defendant was operating his automobile while under the influence of intoxicants at the time of the accident. The credibility of the defendant as a witness was for the jury to determine.
This was a serious accident. The car went off the paved portion of the highway which aroused the defendant. He pulled the car to the left causing it to swerve and tip over. The plaintiff .sustained a complete traumatic amputation of his left leg except for a single tendon. At the time of the accident he was nine years of age.
It is settled law in this jurisdiction that an unemancipated minor child may not maintain an action in tort for damages for personal injuries arising out of ordinary negligence. (Cannon v. Cannon, 287 N. Y. 425; Sorrentino v. Sorrentino, 248 N. Y. 626; Siembab v. Siembab, 284 App. Div. 652; Epstein v. Epstein, 283 App. Div. 855; Carter v. Carter, 235 App. Div. 654; Ciani *440 v. Ciani, 127 Misc. 304.) The right of action did not exist at common law.
However, the reasoning in the dissenting opinion in Allen v. Allen (246 N. Y. 571 [Pound, J.]), which involved a tort action by a wife against her husband, applies with equal force to an action by an unemancipated minor child against a parent grounded on willful and wanton negligence, except for the absence of a statute modifying the common-law rule based upon the concept of maintaining and preserving the family unity and tranquility. Judge Pound made the significant observation (p. 580) that, “ This doctrine has been invoked to defeat an action by an unemancipated minor child against his parent for personal injuries (20 R. C. L. 631). That question, however, is an open one in New York, nor has the common law been affected by any statute on the subject.”
The attention of the court has not been called to the decision of any appellate court in this jurisdiction which unequivocally holds that a right of action based upon the willful and wanton negligence of a parent does not exist in favor of an injured unemancipated minor child, and diligent examination of all likely sources failed to produce an authority in point.
However, it may be inferred from the comment in certain of the authoritative decisions, that an injury such as that sustained by the plaintiff herein is actionable.
Said the court in Cannon v. Cannon (supra, p. 429), which involved a motion for the dismissal of the complaint based upon ordinary negligence, ‘1 In the absence of statutory sanction, we are not prepared, in cases tohere willful misconduct by the parent is not a factor, to inject the disruptive risk of tort liability between parents and their unemancipated children, in which relationship both parents and children — by nature and by law — have reciprocal duties to perform which still make for family unity. ’ ’ (Emphasis added.)
And in Siembab v. Siembab (supra), which also involved the sufficiency of a complaint in an action by an unemancipated minor child against a parent, the court said (p. 654): “We think the ‘ willful misconduct ’ exception to the rule requires some allegation of facts to show in what way the parent is alleged to have willfully injured the child; and that the use of the words ‘ willfully ’, ‘ wantonly ’ and ‘ culpably ’, without factual allegations to support them, does not change the nature of the action so as to take it out of the rule which precludes an unemancipated child from bringing an action against his parent for damages for personal injuries sustained caused by the negligence of the parent.”
*441 In Henderson v. Henderson (11 Misc 2d 449) the court in a well-considered opinion sustained the sufficiency of the complaint in an action by an unemancipated minor child against his parent for injuries sustained under similar circumstances.
It reasonably may be inferred from the action of the Appellate Division in granting a new trial upon the reversal of the order and judgment entered upon the verdict of the jury returned at the previous trial, that the injuries sustained by the plaintiff under the circumstances disclosed, constituted willful and wanton negligence, if established by legal proof.
It, therefore, follows that the motions of the defendant should be denied.
Ordered accordingly.