T. Paul Kane, J.
Defendant moves to dismiss the complaint herein for failure to state a cause of action (CPLB, 3211, subd. [a], par. 7). An identical motion is made in the companion action of Blanche H. Shea as general guardian of the person and property of Edward Hazzard, an infant, against Harold 0. Esmay, as administrator of the goods, chattels and credits of Francis E. Plazzard, deceased. This opinion shall be determinative of both motions.
The within action is brought by the general guardian of James Hazzard, an infant 17 years of age, for personal injuries sustained by him allegedly inflicted upon him by his father, Francis E. Hazzard, now deceased, whose estate is the defendant. The complaint purports to allege a cause of action for assault and battery arising out of the shooting of an infant son by his father, who thereafter shot and fatally wounded himself.
The test applied when the sufficiency of a complaint is attacked is whether it states in some recognizable form any cause of action known to our law (Dulberg v. Mock, 1 N Y 2d 54; Foley v. D’Agostino, 21 A D 2d 60). The motion is directed against two paragraphs of the complaint. Paragraph 4. alleges: “ 4. At the time of the occurrence hereinafter described, defendant’s intestate was in such state of mind as to prevent him from performing an intent to do the act described or to inflict injury on infant plaintiff.” And paragraph 6, alleges: “6. At the time of the occurrence above described, defendant’s intestate was insane.”
Defendant contends that since an unemancipated child only has a cause of action against a parent for injuries resulting from willful or wanton misconduct of his parent, and since the above allegations negate intent, an essential element of a cause of action for assault and battery, the complaint does not state a cause of action. It is the position of the plaintiff, however, that since public policy of this State holds an insane person liable for his torts, specific intent for this particular assault and battery is not necessary.
It appears that New York has adopted the rule that public policy places upon one with impaired mental powers the same liability for assault and battery that it places upon those of normal mentality. (Williams v. Hays, 143 N. Y. 442; Van Vooren *47 v. Cook, 273 App. Div. 88.) It is the rule that an unemancipated child may only maintain an action against its parents to recover for injuries resulting from the willful and wanton misconduct of the parents (Badigian v. Badigian, 9 N Y 2d 472; Cannon v. Cannon, 287 N. Y. 425; Sorrentino v. Sorrentino, 248 N. Y. 626). The issue before the court then is whether or not this complaint in an action by an unemancipated child against his allegedly insane parent, which negates the element of intent, states a cause of action for assault and battery.
The law in relation to the responsibility of insane persons for their torts, is no more than what it says it is. The rule is one of public policy and cannot be interpreted to hold that a specific intent is unnecessary to constitute an assault and battery. There are of course varying degrees of impaired mentality and in the great majority of these degrees the ultimate tort-feasor formulates an intent or undergoes a process of deliberation before becoming an actor, regardless of the apparent irrationality of his acts. Consequently, in these eases the element of intentional conduct is present, though motivated by irrationality and deliberated upon with impaired mental faculties. The law has not chosen to attempt characterizing the degree of intent present, but rather, for reasons of policy, applies the same general standards to insane persons in relation to their torts as are applicable to sane persons, ostensibly in preference to delving into types and degrees of insanity to determine civil liability. This does not mean, however, that the elements of a cause of action for assault and battery are any different when an insane person is the actor. An intentional and wrongful physical contact with the person of another must be present to constitute an assault and battery. Obviously, the same must be pleaded for a complaint to survive the within motion. A complaint cannot, whether directed against a sane or insane defendant, plead a cause of action for assault and battery and, at the same time, negate an essential element of that cause of action. The effect of having done so in paragraphs 4 and 6 of the complaint herein is to render the conduct of defendant unintentional, and hence not tantamount to an assault and battery. When a person is completely incapable of forming any intent to bring about a specific result, such as those of an epileptic or a person seized with temporary unconsciousness, the law considers the consequences of these acts to be accidental and involuntary. (Prosser, Law of Torts [2d ed.], ch. 24, § 109, Immunities.) It is this type of conduct to which the allegations in the complaint appear to refer. In these cases, the incapacity of defendant to form an intent could conceivably be interposed as a defense in an action *48 for assault and battery, but not alleged by the plaintiff to sustain the cause of action.
The cause of action alleged is a type for which an unemancipated child has an action against his parent, since assault and battery is a willful tort. However, a complaint could not stand if it negates the very element which gave the infant plaintiff a cause of action in the first instance.
The answer to the issue stated above therefore is that the complaint, in its present form, fails to state a cause of action for assault and battery. Accordingly, the motions are granted, without prejudice to the plaintiff.