T. Paul Kane, J.
Defendant moves to dismiss amended complaints in the above actions upon the grounds that they do not state facts sufficient to constitute a cause of action (CPLR 3211, subd. fa], par. 7). Similar motions were previously before this court and an opinion was rendered wherein the factual background was set forth (48 Misc 2d 45). In that decision it was, among other things, held that while an unemancipated child has a cause of action against his parent for assault and battery, a complaint that negates the element of intent does not state a cause of action for assault and battery.
The amended complaints contain the following allegations: “ 4. At the residence of defendant’s intestate on December 28, 1964, in the afternoon thereof, defendant’s intestate wrongfully, negligently, irresponsibly, thoughtlessly and recklessly pointed a loaded shotgun at infant plaintiff’s older brother and discharged the weapon inflicting such injuries on said brother as on the same day to cause his death; wrongfully, negligently, irresponsibly, thoughtlessly and recklessly pointed said shotgun at infant plaintiff and discharged the same inflicting injuries on infant plaintiff; wrongfully, negligently, irresponsibly, thoughtlessly and recklessly pointed said weapon and discharged the same at plaintiff’s mother and inflicted injuries upon her which subsequently and on the same day caused her death; and wrongfully, negligently, irresponsibly, thoughtlessly and recklessly pointed said weapon at plaintiff’s younger brother and discharged the same inflicting injuries on said brother. Shortly thereafter defendant’s intestate placed the muzzle of said weapon against his own chest and discharged the weapon causing immediate death.”
The Supplementary Practice Commentary (1964) of CPLR (McKinney’s Cons. Laws of N. Y., Book 7B, 1964 Supp.) states that the purpose of 3211 (subd. [a], par. 7) (as evinced primarily *511 in 3211 [subd. (e)] of the CPLR) is not merely to determine whether the pleading states a cause of action, but to determine whether the plaintiff in fact has a cause of action. Upon the original complaints and amended complaints, together with the affidavits submitted, the court considers that it is in the position to make such a determination.
Plaintiffs indicate that it was their intention to set forth in the amended complaints causes of action for personal injuries on the theory of assault and battery and for personal injuries upon which a constructive intention to injure plaintiffs could be predicated. They indicate that the intent of the complaints was, therefore, to permit them to proceed on the trial, both on the theory of an assault and battery and also upon the theory of a constructive intention based upon irresponsible, thoughtless and reckless conduct. In advancing the latter theory the plaintiffs rely upon cases in which unemancipated children have been permitted to sue their parents for knowingly, willfully and wantonly subjecting them to probable and certain injury by the parents driving an automobile while intoxicated (Henderson v. Henderson, 11 Misc 2d 449; Decker v. Decker, 20 Misc 2d 438; Leggett v. Leggett, 216 N. Y. S. 2d 781). These cases are commonly referred to as the “drunken driving cases” and show that there is an area that exists in our law between ordinary negligence and assault and battery in relation to unemancipated children. The conduct in these cases transcends ordinary negligence, yet falls short of the actual intent for assault and battery. The courts have supplied the intent constructively and have permitted the unemancipated child to sue his parent for the ‘ ‘ willful and wanton misconduct ’ ’.
As to the cause of action for assault and battery, there is no language in paragraph 4 of the complaints which would indicate that the injuries resulted from an intentional act. The words ‘ ‘ wrongfully, negligently, irresponsibly, thoughtlessly and recklessly ’ ’ do not describe what may otherwise be an intentional act. Therefore, in respect to the causes of action for assault and battery these complaints fail to state a cause of action, as did the first complaints.
As to the theory of constructive intention, the court finds that the cases relied upon by the plaintiffs are distinguishable from situations at hand. While the court agrees with the plaintiffs that it is hard to imagine conduct as gross as that in paragraph 4 of the complaint describing how the defendant’s intestate shot every member of his family, killing two of them, injuring two and then killing himself, it is difficult to analogize the described conduct with the situations in the drunken driving cases. This *512 is because the court sees no need to supply a constructive intention to a situation that manifests actual intent in abundance. Based upon the original complaints, amended complaints and particularly upon the indications of the plaintiffs as to what the proof will show at the trial, it is concluded that the plaintiffs have causes of action for assault and battery, although they have failed to allege the same. In arriving at this conclusion the theory enunciated in the drunken driving cases is considered to be inapplicable. In the latter the terms gross negligence and wanton misconduct are applicable. In the case at hand, the acts described portray willful and intentional conduct; that is, the resulting injuries were intentional or the natural and probable consequence of the wrongful act. The actor, sane or insane, committed assaults and batteries upon the plaintiffs.
Accordingly, the motions to dismiss the amended complaints for failure to state causes of action are granted as to both theories upon which plaintiffs have based their complaints. Order shall provide that plaintiffs shall have the right to replead in accordance with this decision (CPLR 3211, subd. [e]).