■ BLANCHE H. SHEA, as General Guardian of EDWARD HAZZARD, an Infant, Appellant, v. HAROLD O. ESMAY, County Treasurer of the County of Schoharie, as Administrator of the Estate of FRANCIS E. HAZZARD, Deceased, Respondent.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court dismissing for insufficiency the amended complaint in an action brought by an infant against the administrator of his father's estate to recover for injuries sustained when the father shot and wounded him. The father shot and killed other members of the family and then committed suicide. The opinions of Mr. Justice Kane at Special Term (48 Misc 2d 45; 50 Misc 2d 509), upon deciding a motion addressed to the original complaint and the subsequent motion directed to the amended complaint now before us, well outline the legal problem involved in plaintiff-appellant's endeavor to frame an acceptable pleading, which will charge more than ordinary negligence, for which the decedent would not become liable to his unemancipated child, but will fall short of alleging assault and battery or other acts evincing an intent to injure which might perhaps be negated by proof of decedent's insanity, as plaintiff himself recognized when he alleged in the original complaint that decedent " was insane " and " in such state of mind as to prevent him from performing an intent to do the act described or to inflict injury on infant plaintiff." Plaintiff in his present argument suggests an analogy to the drunken driving cases in which unemancipated infants were permitted to recover against their parents, as, for example, in *Henderson* v. *Henderson* (11 Misc 2d 449, 451) in which " wilful and wanton acts of misconduct " were alleged; but, in the case before us, as Special Term correctly pointed out, the amended complaint in alleging that decedent acted " wrongfully, negligently, irresponsibly, thoughtlessly and recklessly " charges no more than ordinary negligence. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.