FIRST NATIONAL CITY BANK, Appellant, v. F. ARTHUR MAYES, as President of AFIA, et al., Respondents.—

Concur — Markewich, McNally and Macken, JJ.; McGivern, J. P., dissents in the following memorandum: I would affirm on the opinion of Special Term and on the rationale of *Squibb-Mathieson Int. Corp.* v. *St. Paul Mercury Ins. Co.* (44 Misc 2d 835), and on the cases therein cited; it is noteworthy that AFIA and St. Paul were both involved therein on the same propositions before us. The effort of the majority to distinguish that holding from this results in a distinction without a difference. By the majority action the plaintiff herein is now being given a second and wholly unwarranted opportunity to attempt to prove that AFIA was a principal; and the majority are also lending countenance to what has been already determined, after the tantamount of a trial, to be a baseless complaint. Be it remembered that both parties moved for summary judgment. This gave rise to an obligation on the part of the plaintiff to produce all evidence, as upon a trial. (*Besdin* v. *Casciano*, 206 N. Y. S. 2d 269; *Dodwell & Co.* v. *Silverman*, 234 App. Div. 362; *Georgia Pacific Corp.* v. *Fort Pit Supply*, 34 A D 2d 742.) If plaintiff had such information as the majority implies, it should have made a full disclosure on the submission before Special Term, or at least invoked CPLR 3212 (subd. [f]). In short, this is another classic example of movant failing to "assemble, lay bare and reveal his proofs" as required in summary judgment. (*Di Sabato* v. *Soffes*, 9 A D 2d 297, 301; *Cohen* v. *Pannia*, 7 A D 2d 886.) In my view, the plaintiff is not entitled to another hearing, not in a day of crowded calendars. The debility of its present position is reflected by the commencement of an independent action against St. Paul, not now before us, for the relief demanded in this action, and brought after the taking of this appeal. In my view, Special Term properly decided AFIA did not act as a principal. The action of the majority defeats the avowed purpose of CPLR 3211 (subd. [a], par. 7). "The new provision is designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one." (6 Carmody-Wait 2d, New York Practice, p. 385.) Upon the submission here made, the determination of Special Term made pursuant to the provisions of CPLR 3211 (subd. [c]) was correct. (See *Shea* v. *Esmay*, 50 Misc 2d 509, 510–511.)