OPINION OF THE COURT
Bentley Kassal, J.
Defendant moves pursuant to CPLR 3211 (subd [a], par 7) to *591 dismiss the instant complaint for failure to state a cause of action.
FACTS
Plaintiff Attorney-General commenced this action to declare that defendant Esposito has forfeited his party office of county leader of the Democratic Party in Kings County because of his alleged violations of the law regulating business transactions between political party leaders and companies engaged in pari-mutuel racing activities, under subdivision 2 of section 107 of the Pari-Mutuel Revenue Law (L 1940, ch 254, as amd by L 1954, ch 514 and L 1970, ch 1023). The two causes of action specifically allege that two business enterprises with which the defendant is associated placed an insurance policy and obtained a mortgage loan for the Parr Meadows Racing Association which operated a quarter horse race track in Yaphank, New York.
The claimed fatal defects in pleading include the failure of the plaintiff to allege that the defendant’s conduct was "knowing and wilful” and that the Parr Meadows Racing Association was at the time in question licensed to conduct parimutuel racing activities.
THE LAW
As a general rule, pleadings are broadly and liberally construed and a motion pursuant to CPLR 3211 (subd [a], par 7) will be denied if, from the four corners of the pleading, sufficient factual allegations are made which constitute any cause of action cognizable at law. (Foley v D’Agostino, 21 AD2d 60.) Here, however, the standard must be different for two critical reasons. First, it is a statutory cause of action, unknown at common law, and hence, the pleading must be measured carefully only against the template of the specific statute. (Trzecieski v State of New York, 2 Misc 2d 1065, mot to resettle den 4 Misc 2d 182, app dsmd 5 AD2d 1053.) This is not a general civil action where the pleading will survive if it encompasses any common-law cause of action. Second, it is a forfeiture and punitive in nature and must be strictly pleaded and construed.
In support of this, initially it should be noted that the acts proscribed by the Legislature in section 107 are in the nature of malum prohibitum, rather than malum in se, which was *592 recognized by Governor Dewey in proposing the legislation. His message to the Legislature expressly and repeatedly stated that the recommended legislation was "drastic” and prohibited what he conceded to be otherwise legal activity. (Message of Governor in Relation to Ownership or Participation by Public and Party Officers in Racing Associations, NY Legis Doc, 1954, No. 79, Public Papers of Governor Thomas E. Dewey [1954], pp 124-126.)
The provisions of section 107 are obviously not rooted in our common law and the Legislature had the choice of omitting the element of scienter, or mental culpability, which is "knowing and wilful”, and, in its place, apply the standard of strict or absolute liability to the proscribed acts. (See Smith v California, 361 US 147.) Here, however, the Legislature expressly determined that scienter had to be established by providing that to warrant removal from public office the conduct prohibited must consist of acts accompanied by specific mental state, i.e., "knowing and wilful”. This is clear and unequivocal. Thus, merely pleading the alleged conduct, or actus reus, is insufficient unless accompanied by culpable mental state, or mens rea. (Cf. People v Tripp, 79 Misc 2d 583; Matter of Voerg Lincoln-Mercury v Melton, 55 AD2d 986.)
Although the terms used above are generally associated with criminal actions, the concept is equally applicable to civil actions. For example, where an intentional tort, such as assault and battery, is alleged, it is essential that the element of intent be both pleaded and proved and the pleading will be dismissed if it is not properly alleged. (Shea v Esmay, 50 Misc 2d 509, affd 27 AD2d 685.)
CONCLUSION
Plaintiff has failed to plead an essential element of the alleged cause of action and, accordingly, there is no alternative except to dismiss the complaint, without prejudice to the service of a proper complaint in compliance with section 107, In view of this determination, it is unnecessary to reach the other issues raised by defendant.
The court declines to treat this as a motion for summary judgment pursuant to CPLR 3211 (subd [c]). Such a motion must be supported by an affidavit of an individual having personal knowledge of the facts (CPLR 3212, subd [b]). This application is made on the hearsay affidavit of counsel rather than on an affidavit of an individual with personal knowledge, *593 such as defendant, Esposito. Under such circumstances it would be inappropriate to look beyond the pleading on this motion. (CPLR 3211, subd [b]; see, also, Rovello v Orofino Realty Co., 40 NY2d 633.)
Accordingly, since the plaintiff’s affirmation demonstrates that there may be good ground to support the causes of action, the complaint is dismissed with leave to service of a proper complaint in compliance with section 107 within 30 days of service of a copy of this order with notice of entry. (CPLR 3211, subd [c].)