OPINION OF THE COURT
Gerard M. Weisberg, J.
These proceedings illustrate the vice in using in this court a printed form designed for giving notice in matters falling within the purview of section 50-e of the General Municipal Law and similar statutes. As a result, the attention of the draftsman is diverted from the rule that a claim in the Court of Claims is a pleading which must allege material facts and not mere conclusions of law.
This is a motion for an order directing that the notice of intention previously filed be deemed a claim. Alternatively, permission to file a late claim is sought. Finally, it *370 is requested that Carolyn Sarlat, administratrix of the estate of Robert I. Sarlat, be substituted as claimant.
Subdivision 3 of section 10 of the" Court of Claims Act provides that a claim for personal injuries “shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.”
On May 8,1980, a notice of intention was filed with this court. Contained in this printed legal form is the following pertinent information:
“2. The nature of the claim: Personal injury; mental anguish; pain and suffering; humiliation
“3. The time when, the place where and the manner in which the claim arose: March 3, 1980 — Assault by employee of Kingsboro Psychiatric Center at the Center, 681 Clarkson Avenue, Brooklyn, NY”.
The filing of the notice merely extends the time to file the claim. (McNamara, The Court of Claims: Its Development and Present Role in the Unified Court System, 40 St. John’s L Rev 1, 43, n 185.) The filing of the claim marks the commencement of the action. (Harris v State of New York, 100 Mise 2d 1015.)
Absent a properly filed claim, this court does not have jurisdiction to adjudicate the matter. (Court of Claims Act, § 10; see, e.g., Lurie v State of New York, 73 AD2d 1006, 1007, affd 52 NY2d 849; Matter of Welch v State of New York, 71 AD2d 494,497-499, mot for lv to app den 50 NY2d 802; Kurtz v State of New York, 40 AD2d 917, affd 33 NY2d 828; Bommarito v State of New York, 35 AD2d 458.) A claim “shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed.” (Court of Claims Act, § 11.)
None was ever filed. Hence this application to deem the notice of intention to be a claim was made.
In order to be legally sufficient as a claim, a notice intention must include all the material elements of a valid cause of action. (Jackson v State of New York, 85 AD2d 818; *371 Heisler v State of New York, 78 AD2d 767; Brownshield v State of New York, 76 AD2d 849; Patterson v State of New York, 54 AD2d 147, affd 45 NY2d 885; Kilbourne v State of New York, 111 Misc 2d 161, 165-166; Glassman v Letchworth Vil. Developmental Center, 104 Misc 2d 755, 761; De Hart v State of New York, 92 Misc 2d 631, 634; see, also, Chalmers & Son v State of New York, 271 App Div 699, affd 297 NY 690.)
The bald conclusory declaration of “Assault” which appears in the notice of intention does not meet this requirement in several major respects. No allegation of intentional conduct appears in the pleading. Intent is an essential element of the torts of assault and battery. (See Masters v Becker, 22 AD2d 118; 6 NY Jur 2d, Assault — Civil Aspects, § 1.) Failure to allege such willful action makes a pleading legally deficient. (Shea v Esmay, 48 Misc 2d 45, 50 Misc 2d 509, affd 27 AD2d 685; see Brodsky v Rieser, 195 App Div 557; 6 NY Jur 2d, Assault — Civil Aspects, §22.)
It appears from the motion papers that a battery and not an assault is being claimed. (See Prosser, Torts [4th ed], §§ 9, 10; PJI 3:2.) This being so, the pleading is further deficient in that it fails to allege any wrongful bodily contact, another of the material aspects of a cause of action in battery. (Masters v Becker, supra; PJI 3:3.)
Finally, the notice of intention nowhere verbalizes the material facts which form the basis for the substantive theory upon which the State’s liability is predicated. A mere assault by an employee does not state a cause of action against the master. Absent a negligent hiring of a person with vicious propensities, the violent act must be committed in furtherance of the master’s business. (See Sauter v New York Tribune, 305 NY 442; Moritz v Pines Hotel, 52 AD2d 1020; 37, NY Jur, Master and Servant, § 163.) Since the pleading lacks any allegation of this essential element, we are unable to deem it a claim. (See Cornell v State of New York, 60 AB2d 714, affd 46 NY2d 1032; see, also, Lucey v State of New York, 73 AB2d 998.)
The first branch of the motion is therefore denied. (See CPLR 3013; Peri v State of New York, 66 AB2d 949, affd 48 NY2d 734.)
*372 We will now consider the late claim request. A cause of action arising out of a “brutal beating” is sought to be imposed. The relevant Statute of Limitations is one year (CPLR 215, subd 3). The date of the alleged incident is March 3, 1980.
Subdivision 2 of section 12 of the Court of Claims Act states that: “No judgment shall be awarded to any claimant on any claim which, as between citizens of the state, would be barred by lapse of time.”
This court has the power to entertain applications for the filing of a late claim “at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules.” (Court of Claims Act, § 10, subd. 6.)
The gravamen of this claim is battery. If brought against a citizen of this State, it would be time barred. This court therefore lacks both the power and jurisdiction to consider the late claim application. (See NY Const, art III, § 19; see, also, Matter of Beary v City of Rye, 44 NY2d 398, 412; Downes v State of New York, 76 AD2d 967; Muscat v State of New York, 103 Misc 2d 589.) It must therefore be denied.
Nor can this claim be resurrected by the administratrix. Mr. Sarlat died on August 13, 1980. The Statute of Limitations was tolled for one year from that date (CPLR 210, subd [a]). This motion was made long after and is therefore time barred. (See Matter of Beary v City of Rye, supra.)
In view of the foregoing determinations, Carolyn Sarlat’s motion to be substituted as claimant herein is denied as being moot.