### C. F. BOWMAN v. JULIUS POOVY.

(Filed 1 December, 1909.)

1. Taxation — Special Tax — Re-canvass — Elections — Fraud — Evidence, Immaterial.

Upon an issue as to whether the majority of the qualified voters in a certain school district voted in favor of a special school tax, the registrar and judges of election declared one result, and, subsequently, the registrar, and one of the judges of election again canvassed the votes and certified to the county commissioners another result. *Held,* that evidence to show alleged misconduct in the re-canvass is incompetent.

2. Taxation—Special School Tax—Elections—Non-Residents—Questions for Jury.

In an action to determine the true result of an election held for the purpose of voting a special school tax, it appeared that the result was really to be determined by whether a certain voter living nearest to the dividing line of the district was a qualified voter or not; and the verdict of the jury, upon legal evidence and under a proper charge, having found the location of the line in

question in favor of defendant's contention, and thereby estab-
lished the fact that the voter was a non-resident, it is conclusive
of the question.

Appeal by plaintiffs from *Justice, J.,* May Term, 1909, of
Catawba.

The facts are stated in the opinion of the Court.

*W. A. Self* for plaintiffs.
*A. A. Whitener* and *E. B. Cline* for defendants.

Clark, C. J.   This is an action to have it judicially deter-
mined that at a school-tax election held in District No. 13, in
Catawba County, on 11 April, 1908, the majority of the quali-
fied voters did not vote in favor of the said special tax.

The jury find, by consent: (1) That the registrar and judges
of election, on the night of the election, counted the ballots and
declared the result to be: registered voters, 54; voting for the
special tax, 27; against special tax, 26.   (2) That on 25 April
the registrar and one of the judges of election again canvassed
the votes and signed the certificate sent to the county commis-
sioners, showing: registered qualified voters, 49; votes in favor
of the special tax, 25; against special tax, 24; not voting, 1—and
declaring the special tax adopted.

Upon the issues and undisputed facts in this trial, the facts
were found to be that there were 47 registered qualified voters,
of whom 24 voted in favor of the tax and 23 against.

The exceptions based upon the exclusion of evidence offered to
show the alleged misconduct in the recanvass of the vote, and
declarations of the poll holders in regard to it, need not be con-
sidered.   This action being to determine the true result of the
election, the only pertinent inquiry is as to what occurred on
that day—how many duly qualified electors there were, and how
many voted for the special tax.   Upon this investigation the
result is really determined by the answer to the fourth issue, as
to whether C. F. Bowman was a qualified voter or not, as he
was nearest the dividing line between District No. 13 and Dis-
trict No. 1, of those who, voting against the tax, were found to
be nonresidents.   Upon that issue the jury, upon legal evidence
and under a proper charge, found as a fact that said line so ran
as to sustain the defendant's contention that said Bowman did
not reside in District No. 13 and was not therefore a qualified
voter.   This, taken in connection with the findings of fact by
his Honor, from an inspection of the pleadings, and the undis-
puted facts, determines the result.

No error.