W. A. BALLINGER, Administrator, v. W. P. RADER.

(Filed 30 November, 1910.)

1. Parent and Child—Insane Child—Wrongful Death — Damages —
   Liability of Parents—Negligence—Evidence.

   The parents of an insane son are not liable in damages for his
   killing a person after he had been in a hospital for the insane
   and discharged by the proper authorities as safe to be at large,
   and when there was no evidence or circumstance tending to show
   any subsequent change in the son or that the parents in any
   manner could have anticipated the homicide. Under such cir-
   cumstances there is insufficient evidence to take the case to the
   jury. The estate of the insane son would be liable, if he had any,
   under the principles announced in *Morse v. Horne*, at this term.

2. Wrongful Death—Damages for Mental Anguish.

   Damages for mental anguish cannot be awarded in an action
   for damages for the wrongful killing of another.

APPEAL by plaintiff from *Webb, J.,* at the May Term, 1910,
of CATAWBA.

The facts are sufficiently stated in the opinion of *Mr. Chief
Justice Clark.*

*A. A. Whitener* for plaintiff.
*M. H. Yount, W. C. Feimster* and *W. A. Self* for defendant.

CLARK, C. J. This is an action for wrongful death against
the mother and father of an insane person who committed a
homicide. The action for the same matter by the plaintiff
against the superintendent and directors of a hospital for the
insane was before this Court, 151 N. C., 383. The demurrer as
to them was sustained and the action is now prosecuted as to
these defendants alone. At the close of the evidence the judge
directed a nonsuit and the plaintiff appealed.

This action is brought by the administrator under Revisal,
59, 60. The judge properly disallowed the evidence offered
tending to show mental anguish, or loss of services. "Such dam-
ages can be assessed only in an action brought by plaintiff in
his own name, if at all." *Byrd v. Express Co.,* 139 N. C., 273.

The evidence fails to show that the defendants were in any

way responsible for the unfortunate killing of plaintiff's daughter by their insane son, Lonnie W. Rader. The son had been regularly discharged by the authorities of the hospital, upon whom the law imposed the duty of determining whether or not a patient was safe to be at large. These defendants had the right to rely upon the judgment of the hospital authorities, unless there had been a subsequent change in their son's condition, which is not shown. The homicide was not the natural and logical consequence of Lonnie W. Rader being at large. As was said in this case, 151 N. C., 386, "the discharge of Rader, his absence from the hospital, his presence in Catawba County, and at the church on the day of the homicide was a mere condition which accompanied, but did not cause the injury."

The evidence does not show that the defendants could have reasonably anticipated the act of Lonnie, who was at church that day, in ordinary course, and who had been invited to be there by the plaintiff.

Upon a review of the evidence we are of opinion that his Honor did not err in holding that it was not sufficient to be submitted to the jury in the support of an allegation that the homicide was caused by the negligence of the defendants.

Lonnie W. Rader was 24 years of age. Still there might have been circumstances which would have tended to show such gross negligence on the part of those in charge of him, as would have made them liable for a result which they might have reasonably anticipated. But such is not the case here. Of course, Lonnie W. Rader himself, if he has any estate, would be liable for damages sustained from any tort committed by him, *Morse v. Horn,* at this term.

The judgment of the nonsuit is
Affirmed.