MURIEL L. TREMPER, Plaintiff, *v.* LESLIE G. TREMPER, Defendant.

Supreme Court, Special Term, Nassau County, June 29, 1962.

*Harold M. Sichel* for plaintiff. *Parker, Duryee, Benjamin, Zunino & Malone* for defendant.

JOSEPH A. SUOZZI, J. The plaintiff instituted this action to recover arrears in payments allegedly due her under a separation agreement, dated March 30, 1961, which was thereafter confirmed, approved and incorporated into a decree of absolute divorce rendered by a Mexican court. The validity of the Mexican divorce decree is not in question.

The defendant has interposed an affirmative defense alleging overpayment made through mistake for which he seeks reimbursement. A counterclaim is also set forth to recover payments made in behalf of a child of the marriage whom the defendant states has become emancipated. Both sides move for summary judgment.

The pertinent provisions of the separation agreement read as follows:

" a. To pay to the wife the sum of ten ($10.00) Dollars per week * * * during the natural life of the said wife or until said wife shall remarry, whichever date occurs sooner.

" b. To pay to the wife for the support, maintenance and education of the said Peter G. Tremper and Steven J. Tremper the sum of twenty ($20.00) per week and for the said Richard

M. Tremper the sum of ten ($10.00) per week until each of said children shall attain the age of twenty-one years or shall be emancipated."

The defendant construes the above-quoted language to fasten a liability on him for a total payment of $20 per week for his sons, Peter and Steven. The plaintiff interprets the clause to mean that the defendant is obligated to pay $20 for each of the said boys, and the defendant concededly has been making payments at that rate. However, he claims the payments so made were paid through error.

The main guide to construction of a contract is the complete instrument itself viewed in the light of the obligation imposed (cf. *Nash* v. *Gay Apparel Corp.,* 9 A D 2d 345, 348, affd. 8 N Y 2d 978). The rule applies with equal force to separation agreements, and this court may neither depart from the rule nor remake the contract of the parties (*Goldman* v. *Goldman,* 282 N. Y. 296; *Stoddard* v. *Stoddard,* 227 N. Y. 13). The agreement is not ambiguous. Its terms require the defendant to pay $20 per week for *each* of the named boys. If the parties intended otherwise there would have been no necessity for making a separate and distinct reference to the husband's obligation for the support of his son Richard. Any other construction, moreover, would render meaningless the concluding phrase " until *each* of said children shall attain the age of twenty-one or shall be emancipated ".

The construction sought to be placed on the agreement by the defendant not only deviates from the very practice he himself followed when making payments, but also distorts the language of the contract so as to impair its terms which became part of the judgment of the Mexican court. That judgment is entitled to recognition (*Baylek* v. *Baylek,* 25 Misc 2d 391), and this court is not authorized or empowered to vary or modify the agreement incorporated therein (*Nichols* v. *Nichols,* 306 N. Y. 490; *Rehill* v. *Rehill,* 306 N. Y. 126; *Schacht* v. *Schacht,* 295 N. Y. 439). The first affirmative defense interposed by the defendant is, therefore, legally insufficient.

The branch of these motions addressed to the counterclaim interposed by the defendant requires a determination of whether Richard Tremper, the 20-year-old son of the parties, is emancipated. The agreement provides for his support until he attains the age of 21 or is emancipated.

The father states that this son refused to return to high school and procured full-time employment in July, 1961. The plaintiff, on the other hand, avers that he commenced work of a temporary nature in November, 1961, and is now unemployed, and has

always remained dependent on her for his over-all maintenance. An affidavit submitted by the son states he does not regard or claim himself to be emancipated. A minor, however, may be emancipated by the parents' consent, express or implied (*Crosby* v. *Crosby*, 230 App. Div. 651; *Murphy* v. *Murphy*, 206 Misc. 228). What constitutes emancipation is a question of law, but whether there has been an emancipation is a question of fact (*Crosby* v. *Crosby*, *supra*, p. 653). Whether the circumstances in this case are sufficient to spell out an implied emancipation is a factual issue which should be litigated at trial, and not summarily disposed of on motion.

The motion of the plaintiff is granted to the extent of striking the first affirmative defense, and is otherwise denied. The defendant's motion is denied in all respects.