J. Irwin Shapiro, J.
This is a motion by the defendants Mac Bidner and Ann Bidner, hereinafter referred to as the parents, for an order “Dismissing the complaint herein for failure to state a cause of action pursuant to subdivision 7 of Section 3211 of the C. P. L. R.”
The third cause of action in the complaint alleges that the defendant Gary Bidner at the time of the assault “ lived and was subject to the control of his parents that prior to said occurrence the said Gary Bidner had a vicious and malignant disposition and had the habit of mauling, pummelling, assaulting, and mistreating smaller children when they were lawfully playing or walking upon the streets and elsewhere, and of beating, bruising, and punishing such smaller children”; that the parents “ well knew of such habit or should have known of such habit and notwithstanding such knowledge and information they allowed him [their son Gary Bidner] to go alone among children and continue to assault, beat, bruise, and punish such smaller children that the parents “ encouraged Gary Bidner in such conduct by resenting any resistance or admonition made by other persons when such acts were committed by him, said minor, Gary Bidner knowing full well of his parents resenting any resistance or admonition made by other persons whose children were beaten by him ’; that the parents ‘ having been frequently notified by complaining neighbors and others of many similar vicious and unlawful attacks on other children, failed and neglected to exercise reasonable care so to control the said Gary Bidner as to prevent him from intentionally harming others and from so conducting himself as to create an *321 unreasonable risk of bodily harm to plaintiff and others as they knew or had the ability to know that they had the ability to control said minor and knew or should have known of the necessity and opportunity for exercising such control that the parents “with full knowledge of the disposition, habit, and traits of -their son permitted him to go at large; alone, without guidance, admonition, or control; where minor children were playing on June 4, 1965 and with his fists assault the plaintiff Stuart Linder.”
The thrust of the motion to dismiss is that there is no liability on the part of the parents “ because at the time of the alleged assault Gary Bidner was emancipated, aged 18 years, self-supporting and gainfully employed for some period of time.” Whether a minor child has been emancipated is an issue to be. determined at a trial when all of the facts are revealed. (Crosby v. Crosby, 230 App. Div. 651; Tremper v. Tremper, 35 Misc 2d 846.) That basis for the parents’ motion therefore falls. The question still remains however whether in any event, assuming that their child Gary Bidner is unemancipated, the parents are legally responsible for his tortious conduct as it is disclosed in the complaint.
In section 316 of the Restatement of the Law of Torts the statement is made that “ A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control ” and this duty is not peculiar to the father alone, but “ extends to the mother also in so far as her position as mother gives her an ability to control her child.”
Under the allegations contained in the instant complaint, giving them every possible interpretation in support of the plaintiffs’ cause of action, as one must do on a motion of this character, it is obvious that there are sufficient allegations to establish ability on the part of the parents to control their child and knowledge on their part of the necessity and opportunity for exercising such control.
In Zuckerberg v. Munzer (277 App. Div. 1061), the facts were somewhat similar. The court there said: “ In this action to recover damages for personal injuries, sustained by a domestic during the course of her employment by the defendant, as the result of being struck with a baseball bat by the defendant’s son, who is alleged to be of the age of eight years, the complaint *322 alleges that the child’s tendency, to commit assaults was known, to .the defendant; "that .'the defendant did not disclose the fa,ct of such' tendency to the plaintiff; that the defendant permitted" the child to possess the "bat ‘ which in his hands, was a dangerous instrument ’; and that the defendant ‘ omitted to restrain the freedom of said' child and also neglected to take proper measures to prevent the plaintiff from being injured.’ Order denying defendant’s motion to dismiss the complaint on the ground that upon its face it does not state facts sufficient to constitute a cause of action, affirmed, with $10 costs and disbursements, with leave to defendant to answer within ten days from the entry of the order hereon. (See Steinberg v. Cauchois, 249 App. Div. 518, and Agnesini v. Olsen, 277 App. Div. 1006.) ”
In Excelsior Ins. Co. of N. Y. v. State of New York (296 N. Y. 40), the court held that there is no duty upon a parent to isolate or lock up a child in the absence of facts warranting such action. Whether the facts warrant such isolation or containment is defined by “ the risk reasonably to be perceived ”. (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339, 344.)
The allegations in the complaint, taken at their face value, show notice to the parents of the dangerous propensities of their minor son, an ability to control him in that regard and a complete default in restraining him from conduct calculated to harm others which by reason of his prior antics could reasonably have been anticipated. The parents therefore owed a duty to society to guard their son closely to see to it that he did not indulge in his vicious propensities.
In The Law of Torts (2 Harper and James, p. 1056), the authors express the same views in the following language: “Where a parent has reason to know of a propensity for a particular type of dangerous conduct on the- part of his minor child he is bound to take reasonable steps (by discipline, training, or the like) to curb or guard against the propensity. The dangerous habit must be of a very specific kind, however. There is no ‘ general responsibility for the rearing of incorrigible children.’ ” (Citing Harper and Kime, Duty to Control the Conduct of Another, 43 Yale L. J. 886, 895; Excelsior Ins. Co. of N. Y. v. State of New York, 296 N. Y. 40, 69.)
It has uniformly been held that a parent who knows of the dangerous propensities of his child is bound to use reasonable care to control the child so as to prevent the indulgence in those propensities. (Charlton v. Jackson, 183 Mo. App. 613; Hoverson v. Noker, 60 Wis. 511; Thibodeau v. Cheff, 24 Ont. L. Rep. 214; Stewart v. Swartz, 57 Ind. App. 249; Daggy v. Miller, 180 Iowa 1146; Norton v. Payne, 154 Wash. 241; Ryley *323 v. Lafferty, 45 F. 2d 641 [Idaho]; Ballinger v. Rader, 153 N. C. 488.)
The rule would seem to be that a parent is negligent when there has been a failure to adopt reasonable measures to prevent a definite type of harmful conduct on the part of the child, but that there is no liability on the part of the parents for the general incorrigibility of a child. The motion is in all respects denied.