Marshall E. Livingston, J.
This motion is brought to dismiss the complaint against the defendants, pursuant to CPLR 3211 (subd. [a], par. 8), for lack of jurisdiction over defendant Roth, and pursuant to CPLR 3211 (subd. [a], par. 7), in that the pleading fails to state a cause of action against defendants Boynton.
On January 1, 1966, the infant plaintiff was assaulted, while walking on Mt. Read Boulevard, by some boys who left the car in which they were riding and attacked the infant plaintiff.
The complaint alleges that the infant defendant did “ participate in the beating ” of the infant plaintiff. The examination before trial of the infant plaintiff, however, reveals that the infant defendant grabbed the infant plaintiff by the collar and that another unidentified boy struck the plaintiff twice on the mouth, knocking him to the ground.
At any rate, it was conceded by the plaintiffs upon the motion that the infant defendant Gregory Roth is in the Armed Services, over 14 years of age, and was never served with the summons of this action. The action against Gregory Roth, an infant, must, therefore, be dismissed, without prejudice (CPLR 309; Lella v. Holman, 166 Misc. 796).
The complaint against Joan Boynton, Gregory Roth’s mother, and her husband George W. Boynton, who stands in loco parentis to Gregory Roth, sounds in negligence in paragraph 16 thereof, which states as follows: “ 16. Defendants Joan M. Boynton and George W. Boynton, jointly and severally, negligently and carelessly failed to perform their duties owed to society in general and to plaintiffs herein in particular: (a) to properly raise and bring up their son, defendant Gregory Roth; (b) to instill in .said Gregory Roth a proper respect and appreciation of the rights of other citizens, such as the plaintiffs herein, and of his duties owed to such other citizens; (c) to *420 properly teach said Gregory Both the potential dangers inherent in the use of intoxicants; (d) to prevent said Gregory Both from having access to, and from using, such intoxicants; (e) to refrain from furnishing potentially dangerous intoxicants to minors lacking in judgment and experience; and (f) to prevent their home being used as a place where such minors could become intoxicated, with foreseeable injury to themselves or others, such as the plaintiffs herein. ’ ’
Ordinarily parents are not liable for the torts of their children. There are exceptions to this general rule which arc well stated in the oft-cited case on this subject, Steinberg v. Cauchois (249 App. Div. 518, 519), wherein the court said: “ There are situations in which the parent may be held liable: (1) Where the relationship of master and servant exists and the child is acting within the scope of his authority accorded by the parent; (2) where a parent is negligent in intrusting to the child an instrument which, because of its nature, use and purpose, is so dangerous as to constitute, in the hands of the child, an unreasonable risk to others; (3) where a parent is negligent in intrusting to the child an instrumentality which, though not necessarily a dangerous thing of itself, is likely to be put to a dangerous use because of the known propensities of the child; (4) where the parent’s negligence consists entirely of his failure reasonably to restrain the child from vicious conduct imperilling others, when the parent has knowledge of tire child’s propensity toward such conduct, and (5) where the parent participates in the child’s tortious act by consenting to it or by ratifying it later and accepting the fruits. ’ ’
As the court there held, it must also be held here. “ None of these exceptional situations is inferable from the * * * [complaint] in this case ” (Steinberg v. Cauchois, supra, p. 519). No part of the complaint in this action charges the adult defendants with knowledge that Gregory Both had a vicious and malicious disposition and had the habit of assaulting, mauling and mistreating other children when they were lawfully on the streets; that the parents well knew of such habit, having been notified frequently by other parents of this conduct; that knowing his, they permitted Gregory to go unsupervised and neglected to reasonably control him so as to prevent the likelihood of such conduct (cf. Linder v. Bidner, 50 Misc 2d 320).
The New York case law in this respect is well summarized in New York Jurisprudence (vol. 15, Domestic Relations, §§ 398-402).
As sympathetic as the court is to the plight in which this plaintiff finds himself, the liability for the reprehensible conduct *421 of Gregory Both cannot be passed on to his mother and stepfather under the pleadings here.
The motion to dismiss the complaint against the defendants Joan M. Boynton and George W. Boynton is granted, without costs.